*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

HERBERT DEWEY BALDRIDGE,

Defendant-Appellant.

UNPUBLISHED
March 12, 2020

No. 348590
Wayne Circuit Court
LC No. 15-007271-01-FC

Before: STEPHENS, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant appeals as of right his February 25, 2019 judgment of sentence (JOS). On April 26, 2016, defendant was convicted of second-degree murder, MCL 750.317, and thereafter sentenced, as a second-offense habitual offender, MCL 769.10, to 300 to 600 months' imprisonment. Defendant appealed as of right his jury conviction and sentence and, in *People v Baldridge*, unpublished per curiam opinion of the Court of Appeals, issued October 31, 2017 (Docket No. 333435), p 13, this Court affirmed defendant's conviction, but remanded the matter to the trial court to articulate the reasons for assessing 15 points for Offense Variable (OV) 5.

On February 25, 2019, the trial court held a hearing in accordance with this Court's instructions on remand, affirmed defendant's original sentence, and entered a JOS. Because the trial court did not indicate that defendant was sentenced as a second-offense habitual offender, the JOS was amended on March 5, 2019 to include this status.

On appeal, defendant argues that he must be resentenced. Specifically, defendant contends that the trial court failed to refer to defendant's sentencing guidelines, and consider all scoring factors, when it affirmed on remand defendant's original sentence of 300 to 600 months' imprisonment. Defendant contends the trial court's alleged error precludes this Court from determining whether the trial court imposed a proportionate sentence. Defendant also argues that the trial court's failure to show that it sentenced defendant as a second-offense habitual offender on its February 25, 2019 JOS was a substantive mistake that could not be corrected sua sponte. We disagree with defendant's arguments.

-1-

# I. FACTUAL HISTORY

This matter arises from the death of Jamiall Jameson on June 1, 2013. Defendant was found guilty of second-degree murder. *Baldridge*, unpub op at 3. At the May 16, 2016 sentencing hearing, the trial court noted the victim's mother testified tearfully at trial, and that she had to listen to the victim's telephone call to 911. The trial court assessed 15 points on OV 5. The victim's mother also made a victim-impact statement, and said at sentencing that her son's death affected her so badly that: (a) she could not spend time with her family because they fear for their own families; (b) her health has been affected; (c) her family no longer comes to see her; (d) she cannot sleep or eat; (e) she is numb and like a zombie; (f) she cannot spend time with anyone; and (g) she cannot be with her husband. Defendant appealed.

On October 31, 2017, this Court affirmed defendant's conviction, but remanded the matter to the trial court for articulation of the reasoning for assessment of points on OV 5. *Baldridge*, unpub op at 13. This court explained:

> We affirm defendant's conviction, but vacate the trial court's scoring of OV 5 and remand to the trial court to make findings relative to the proper scoring of OV 5 in consideration of our Supreme Court's ruling in *Calloway*[1] and the testimony presented during trial and at the sentencing hearing. We leave it to the sound judgment of the trial court whether it desires further testimony on the matter. We do not retain jurisdiction. [*Id*. (footnote added).]

On remand, the trial court held a hearing on February 25, 2019 and specifically recognized that its review was limited to OV 5, as instructed by this Court. *Id*. The trial court focused on statements by the victim's mother at the May 16, 2016 sentencing hearing and found the victim's mother suffered a serious psychological injury that may require professional treatment, affirming the propriety of the assessment of 15 points on OV 5, and affirmed defendant's original sentence of 300 to 600 months' imprisonment.

# II. SENTENCING

Defendant argues that the trial court failed to refer to defendant's sentencing guidelines and consider all scoring factors on remand, and therefore, this Court is unable to determine whether the trial court imposed a proportionate sentence. We disagree.

## A. STANDARD OF REVIEW

We review de novo as legal questions issues concerning the proper interpretation and application of the legislative sentencing guidelines, MCL 777.11 *et seq*. *People v Sours*, 315 Mich App 346, 348; 890 NW2d 401 (2016) (citation omitted). "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a [presentence investigation report (PSIR)], plea admissions, and testimony presented at a preliminary examination." *People v McFarlane*, 325 Mich App 507, 532; 926 NW2d 339 (2018) (quotation

---

[1] *People v Calloway*, 500 Mich 180; 895 NW2d 165 (2017).

marks and citation omitted). "It may also consider a victim impact statement in a PSIR or other statement or letter submitted to the court for consideration on sentencing." *Id*. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Rodriguez*, 327 Mich App 573, 576; 935 NW2d 51 (2019), quoting *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made." *People v Chaney*, 327 Mich App 586, 587-588 n 1; 935 NW2d 66 (2019), quoting *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Rodriguez*, 327 Mich App at 576, quoting *Hardy*, 494 Mich at 438.

## B. ANALYSIS

"When an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012). This Court affirmed defendant's conviction, but remanded the matter to the trial court solely for articulation of the reason for the assessment of 15 points for OV 5. After this Court's remand to the trial court, defendant filed a memorandum arguing the demeanor of the victim's mother's at trial did not plainly reveal serious psychological injury, and that OV 5 should be assessed zero points. Defendant did not address the statements the victim's mother made at the May 16, 2016 sentencing hearing, nor did he challenge his sentence as a second-offense habitual offender. When the trial court held a hearing on February 25, 2019, it recognized its review was limited to OV 5, as instructed by this Court in *Baldridge*, unpub op at 13. In compliance with this Court's order, the trial court said: "[T]his isn't a resentencing with regards to, for everything, just with regards to OV 5."

"OV 5 is scored [in cases of] 'homicide, attempted homicide, conspiracy or solicitation to commit a homicide, or assault with intent to commit murder.' " *People v Calloway*, 500 Mich 180, 184 n 11; 895 NW2d 165 (2017), quoting MCL 777.22(1). MCL 777.35 governs OV 5 and states:

> (1) Offense variable 5 is psychological injury to a member of a victim's family. Score offense variable 5 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Serious psychological injury requiring professional treatment occurred to a victim's family………………………………………………………………….15 points
>
> * * *
>
> (2) Score 15 points if the serious psychological injury to the victim's family may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive.

"[A] family member need not be, at present, seeking or receiving professional treatment or intending to do so." *People v Wellman*, 320 Mich App 603, 610; 910 NW2d 304 (2017), citing *Calloway*, 500 Mich at 186.

> Although this threshold may seem low, trial courts must bear in mind that OV 5 requires a '*serious* psychological injury.' In this context, 'serious' is defined as 'having important or dangerous possible consequences.' Thus, in scoring OV 5, a trial court should consider the severity of the injury and the consequences that flow from it, including how the injury has manifested itself before sentencing and is likely to do so in the future, and whether professional treatment has been sought or received. However, even when professional treatment has not yet been sought or received, points are properly assessed for OV 5 when a victim's family member has suffered a serious psychological injury that may require professional treatment in the future. [*Calloway*, 500 Mich at 186 (footnotes omitted).]

At defendant's February 29, 2019 hearing, the trial court said there was not a clear articulation of why OV 5 was assessed 15 points at the original sentencing, other than noting the victim's mother being tearful during trial. The trial court focused on the statements of the victim's mother, when she explained how her son's death affected her and found that the statements of the victim's mother supported the assessment of 15 points on OV 5, and defendant's original sentence of 300 to 600 months' imprisonment.

The trial court referred to defendant's sentencing guidelines and considered all scoring factors when defendant was sentenced on May 16, 2016. The trial court strictly complied with this Court's directive on remand, by limiting the February 25, 2019 remand hearing to articulation of the reasons for the scoring of OV 5. See *Russell*, 297 Mich App at 714. On remand, considering the substance of the statements of the victim's mother, the trial court correctly concluded that the victim's mother suffered serious psychological injuries that may require professional treatment in the future, sufficient to support the trial court's original assessment of 15 points for OV 5. See *Calloway*, 500 Mich at 189 ("After reviewing this evidence, we believe that the trial court correctly concluded that two members of the victim's family suffered serious psychological injuries that may require professional treatment in the future. There was ample evidence of the seriousness of the injuries and their long-lasting effects to support the trial court's decision to assess 15 points for OV 5."). Therefore, defendant's contention of error lacks merit.

Next, defendant argues that this Court is unable to determine whether the trial court imposed a proportionate sentence because trial court failed to refer to defendant's sentencing guidelines and consider all scoring factors.

MCL 769.34 governs the sentencing guidelines, and states, in relevant part:

(10) If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence. A party shall not raise on appeal an issue challenging the scoring of the sentencing guidelines or challenging the accuracy of information relied upon in determining a sentence that is within the appropriate guidelines sentence range unless the party has raised the issue at

sentencing, in a proper motion for resentencing, or in a proper motion to remand filed in the court of appeals.

While a court must score and consider the sentencing guidelines, the guidelines are advisory only. See *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "Notably, *Lockridge* did not alter or diminish MCL 769.34(10)[.]" *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016). "Although the Legislature's [sentencing] guidelines are advisory, they 'remain a highly relevant consideration in a trial court's exercise of [its] sentencing discretion.' " *People v Odom*, 327 Mich App 297, 314-315; 933 NW2d 719 (2019), quoting *Lockridge*, 498 Mich at 391. Because *Lockridge* did not alter the continued validity of MCL 769.34(10), this Court must affirm a sentence that falls within the recommended sentencing guidelines range, absent an error in scoring or reliance on inaccurate information. *Schrauben*, 314 Mich App at 196.

As discussed, the original sentencing court considered the sentencing guidelines and all scoring factors, and on remand, the trial court complied with this Court's directive by limiting the hearing to the scoring of OV 5. See *Russell*, 297 Mich App at 714. Defendant received a sentence, as a second-offense habitual offender, of 300 to 600 months' imprisonment, which was within defendant's minimum sentencing guidelines range of 225 to 468 months, and his statutory maximum of life imprisonment. A sentence within the guidelines range is presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). Defendant does not argue that the trial court relied on inaccurate information in determining his sentence, see MCL 769.34(10), or that the trial court incorrectly calculated defendant's sentencing guidelines range. Defendant only challenges the assessment of 15 points on OV 5, but defendant's challenge fails because the trial court correctly concluded that the victim's mother suffered serious psychological injuries that may require professional treatment in the future, sufficient to support the trial court's assessment of 15 points. See *Calloway*, 500 Mich at 189. "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." MCL 769.34(10).

"In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013), quoting *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Defendant fails to assert, or identify, any "unusual circumstances" that would overcome the presumptive proportionality of his sentence and necessitating review. Because defendant's guidelines range was correctly determined, based on accurate information and presumptively proportionate, defendant's assertion of error fails.

### III. JOS CORRECTION—SUA SPONTE

Defendant contends that the trial court's failure to indicate that defendant was sentenced as a second-offense habitual offender on his February 25, 2019 JOS was a substantive mistake that precludes the trial court's sua sponte correction of the JOS. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

An issue is preserved for appellate review if it is raised, addressed, and decided by the trial court. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). On May 16, 2016, defendant was sentenced, as a second-offense habitual offender, MCL 769.10, to 300 to 600 months' imprisonment for his second-degree murder conviction. On February 25, 2019, the trial court held a hearing, affirmed defendant's May 16, 2016 sentence, and entered a new JOS. Because the trial court did not indicate that defendant was sentenced as a second-offense habitual offender when it entered defendant's February 25, 2019 JOS, the trial court, sua sponte, amended the JOS on March 5, 2019 to include this status. Defendant argues that the trial court did not have the authority to enter the amended JOS sua sponte because the omission was a substantive mistake governed by MCR 6.435(B), and not a clerical mistake governed by MCR 6.435(A). Defendant failed to address the trial court's amended JOS in the trial court. Thus, defendant's issue is unpreserved.

We review de novo as a question of law the interpretation of court rules. *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005). However, because defendant's challenge to the amended JOS is unpreserved, this Court's review is for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

## B. ANALYSIS

MCR 6.435 governs mistake corrections. "MCR 6.435(A) details the court's authority to correct clerical mistakes[.]" *People v Comer*, 500 Mich 278, 293; 901 NW2d 553 (2017). MCR 6.435(A) states:

> Clerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party, and after notice if the court orders it.

"Under this subrule, a court may correct a clerical mistake on its own initiative at any time, including after a judgment has entered." *Comer*, 500 Mich at 293. "MCR 6.435(B) contemplates the court acting on its own initiative to correct substantive mistakes[.]" *Id*. at 294. "Yet the court's ability to correct substantive mistakes under MCR 6.435(B) ends upon entry of the judgment." *Id*. (footnote omitted).

On February 25, 2019, the trial court held a hearing, affirmed defendant's May 16, 2016 sentence, and entered a new JOS. Defendant cannot contend that the trial court's failure to indicate that it sentenced defendant as a second-offense habitual offender on his February 25, 2019 JOS was a substantive mistake, particularly when defendant's May 16, 2016 JOS clearly indicated that defendant was sentenced as a second-offense habitual offender. See *Comer*, 500 Mich at 293 ("But the parties do not contend that the failure to sentence defendant to lifetime electronic monitoring was a clerical mistake. Nor could they—the original sentencing judge said nothing about lifetime electronic monitoring at the initial sentencing."). Further, defendant's sentencing guidelines range of 225 to 469 months' imprisonment evidences that the trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, for second-degree murder, MCL 750.317. While the record is devoid of any indication that defendant's status as a second-offense habitual offender

was discussed at the February 25, 2019 hearing, it is undisputed that the February 25, 2019 hearing was limited to review of the assessment of points on OV 5, and did not include a redetermination of whether defendant should be sentenced as a second-offense habitual offender. See *Baldridge*, unpub op at 13. For these reasons, defendant fails to show the trial court erred or exceeded its authority.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto