PEOPLE v WALTERS

Docket No. 251493. Submitted February 1, 2005, at Detroit. Decided May
    10, 2005, at 9:00 a.m.
    Jayne M. Walters was charged in the 27th District Court with
        possessing drug paraphernalia in violation of a municipal ordi-
        nance. The court, Glenn C. Valasco, J., denied the defendant's
        motions to quash the search warrant that was executed at her
        home and to suppress her statement to the police. The Wayne
        Circuit Court, Karen Fort Hood, J., affirmed the district court
        decisions. The defendant moved for a rehearing and reconsidera-
        tion. Because the circuit judge who heard the appeal left the bench,
        the case was reassigned to Margie R. Braxton, J., who granted the
        motion. Judge Braxton determined that the district court had
        erred in denying the defendant's motion to quash the search
        warrant by assessing a police officer's testimony as more credible
        rather than reviewing the evidence under the preponderance of
        the evidence standard. Judge Braxton also determined that the
        search warrant was not supported by probable cause and that the
        defendant's statement to the police was involuntary because of
        coercion. The circuit court entered an order suppressing the
        defendant's statement and quashing the search warrant. The
        prosecution appealed by leave granted.

        The Court of Appeals held:

        1. A circuit court, sitting as an appellate court, can entertain a
    motion for reconsideration relating to its appellate decision. That
    a successor judge heard the motion for reconsideration did not
    change the motion into a second appeal. MCR 2.611 is sufficiently
    broad to allow a successor judge of the circuit court to reconsider
    a judgment or order because that judge possesses the same
    authority and power as the predecessor judge.

        2. MCR 2.119(F)(3) contains a palpable error requirement for
    a motion for reconsideration, but that provision is not mandatory
    as it relates to the grant of the defendant's motion for reconsid-
    eration. As palpable error is not a requirement under MCR
    2.119(F)(3), it cannot be under MCR 7.215(I)(1), which refers to
    the restrictions in MCR 2.119(F)(3).

        3. The circuit court erred in making a comprehensive review
    de novo of the arguments that were presented, including reviewing

factual issues, making factual findings, and making credibility determinations. The proper standards are to review de novo the ultimate decision and to review the trial court's findings of fact for clear error. With regard to credibility, the reviewing court should give deference to the trial court's determination of credibility and may not substitute its judgment for that of the trial court.

4. When considering whether a defendant's statement was voluntary, an appellate court's review must be independent of that of the trial court. However, the appellate court is to affirm the trial court determination unless the appellate court is left with a definite and firm conviction that a mistake had been made. Further, if resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, the appellate court must defer to the trial court, which had a superior opportunity to evaluate those matters.

Circuit court order vacated and case remanded to the circuit court for reconsideration.

Appeal — Circuit Court Decision — Reconsideration.

A circuit court, sitting as an appellate court, can entertain a motion for reconsideration relating to its appellate decision, and a successor judge can reconsider a decision made by his or her predecessor (MCR 2.611).

*Pentiuk, Couvreur & Kobiljak, P.C.* (by *Michael P. Hurley* and *Kerry L. Morgan*), for the people.

*Constitutional Litigation Assoc., P.C.* (by *Hugh M. Davis*), for the defendant.

Before: WILDER, P.J., and SAWYER and WHITE, JJ.

PER CURIAM. Defendant was charged with possession of drug paraphernalia in violation of a municipal ordinance. The district court denied defendant's motions to quash the search warrant and to suppress her statement to the police. On appeal, the circuit court reversed the district court's order. The prosecution appeals by leave granted the order of the circuit court. We reverse and remand.

I

On January 5, 2000, Detective Joseph Jakubus, with the Michigan State Police narcotics division, received an anonymous tip regarding narcotics activity at defendant's home in Riverview. The tipster stated that the tipster's child came home from defendant's residence smelling of marijuana. On January 17, 2000, and January 24, 2000, the police conducted "trash pulls" of garbage placed outside defendant's home. On both occasions, the trash pulls revealed marijuana stems, seeds, and "roaches," as well as mail correspondence with defendant's name and address.

On January 24, 2000, ten hooded and armed officers executed a search warrant at defendant's home. Defendant was handcuffed and told to lie face down on the floor. During that process, defendant chipped a tooth and broke the top portion of her denture. When the officer in charge asked where the cocaine was kept, defendant stated that there was no cocaine, but that, in the bottom drawer of her nightstand, there was a tin can containing marijuana stems, seeds, and rolling papers. These items later tested for marijuana and defendant was charged with possession of drug paraphernalia.

Defendant moved to quash the search warrant and suppress her statement, arguing that the search warrant was not based on a finding of sufficient probable cause. In denying defendant's motion to quash the search warrant, the district court stated:

> Well, for the purpose of this hearing, the Court has to give the People's testimony a certain amount of credence. It has to look at the evidence in the light most favorable to the People, and that is the . . . starting point. And I would tend to agree with defense counsel that absent any other evidence but this—a tip, that would not justify a search

warrant. But we have [evidence], allegedly from a trash pull and—and the Court has to give credence to that testimony, shows burnt roaches and seeds, and . . . similar evidence of marijuana use. So, [the evidence] would give credence to the anonymous tip that there was some marijuana being smoked on the premises; and that's really what the justification for the search warrant was that I can see. So I . . . feel that the People had met their burden for the purpose of establishing that the search warrant was . . . valid, and the . . . affidavit was forthcoming.

The trial court also refused to suppress defendant's statement. In rejecting defendant's argument that her statement was coerced and involuntary, the trial court concluded that the statement was spontaneous because of the brevity of the encounter, the confusion about whether she made the statement to both or one of the officers, and her testimony that she made the statement to prevent further damage to her home.

Pursuant to an agreement to plead no contest, defendant filed for unopposed leave to appeal to the circuit court, arguing that the district court improperly attributed greater credibility to the police witness and that the court used the improper evidentiary standard when it stated that the evidence should be viewed in a light most favorable to the prosecution. After reviewing the parties' briefs, the circuit court disagreed and affirmed the district court's decision in an opinion dated January 25, 2002.[1] The circuit court determined that the trial court properly weighed the testimony of the witnesses, that there was probable cause for the search warrant,

[1] During the time the appeal was pending in circuit court, the period during which defendant's conditional plea was under advisement expired, and, pursuant to the plea agreement, the district court dismissed the charges against defendant on January 26, 2002. The prosecution filed a motion in circuit court requesting that defendant's appeal be dismissed as moot. Defendant opposed the motion, arguing that she was entitled to have her record completely expunged and to reimbursement of costs.

and that defendant's statement was voluntary because the officer's inquiry regarding the location of drugs was a "general inquiry to everyone in the group"[2] and not directed at defendant. The circuit court also noted that, under the "inevitable discovery rule," the tin box would have been discovered in defendant's nightstand without defendant's statement. Defendant filed a motion for rehearing and reconsideration, but before defendant's motion could be heard, the presiding judge was elected to another court and the case was reassigned. A successor circuit judge granted defendant's motion for reconsideration. Conducting a review de novo of the record, the circuit court determined that in denying defendant's motion to quash, the district court utilized the incorrect standard in assessing the police officer's testimony as more credible. Citing *United States v Matlock*, 415 US 164; 94 S Ct 988; 39 L Ed 2d 242 (1974), and *Nix v Williams*, 467 US 431; 104 S Ct 2501; 81 L Ed 2d 377 (1984), the successor circuit judge concluded that the district court "should have reviewed the evidence by 'a preponderance of the evidence[.]' " In addition, the successor circuit judge determined that the search warrant was not supported by probable cause and that defendant's statement was involuntary as the result of coercion. Therefore, the successor circuit judge vacated the original order and entered an order suppressing defendant's statement and quashing the search warrant.

The prosecution sought leave to appeal in this Court. This Court granted leave to appeal to consider the issues raised in the application and "the issue whether the successor circuit judge had authority under the

---

[2] Defendant's husband and nephew were also in the room with defendant while the search warrant was executed.

court rules to reconsider the initial circuit court opinion and order affirming the dismissal of defendant's motion to suppress."[3]

## II

The prosecution first argues that the court rules do not permit a circuit court sitting as an appellate court to entertain and decide a motion for reconsideration. The prosecution contends that defendant improperly received the benefit of two appeals as of right when the circuit court considered and granted her motion for reconsideration, and that under the court rule defendant's remedy was to seek leave to appeal in this Court. We disagree.

The interpretation of court rules is a question of law that this Court reviews de novo. *People v Fosnaugh*, 248 Mich App 444, 449; 639 NW2d 587 (2001). The same principles of statutory interpretation govern when interpreting and applying a court rule. *Haliw v Sterling Hts*, 471 Mich 700, 704-705; 691 NW2d 753 (2005), citing *Grievance Administrator v Underwood*, 462 Mich 188, 193; 612 NW2d 116 (2000). Therefore, our analysis begins with the language of the court rule. *Haliw, supra* at 705.

Appeals from a district court are governed by MCR 7.100 *et seq.*, and these rules are silent regarding motions for rehearing or reconsideration. MCR 6.001 *et seq.*, the rules regarding criminal procedure, are also silent regarding motions for rehearing or reconsideration. However, MCR 6.001(D) provides, in part, that unless a rule of criminal procedure or statute otherwise applies, the rules of civil procedure are applicable in

---

[3] Unpublished order of the Court of Appeals, entered March 2, 2004 (Docket No. 251493).

criminal cases. MCR 2.001 provides in relevant part that the rules of civil procedure apply in civil proceedings "except where the limited jurisdiction of a court makes a rule inherently inapplicable or where a rule applicable to a specific court or a specific type of proceeding provides a different procedure." Thus, consistently with the doctrine of *in pari materia,* we read these court rules together, and, where the rules of criminal procedure are silent, we apply the rules of civil procedure to criminal appeals from district court, unless the rule at issue is "inherently inapplicable."

Regarding motions for rehearing or reconsideration, MCR 2.119(F) provides:

> (1) *Unless another rule provides a different procedure for reconsideration of a decision* (see MCR 2.604[A], 2.612), a motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 14 days after the entry of an order disposing of the motion.
>
> (2) No response to the motion may be filed, and there is no oral argument, unless the court otherwise directs.
>
> (3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error. [Emphasis added.]

Thus, in our judgment, the fact that MCR 7.100 does not expressly provide for motions for reconsideration is not dispositive of the issue. Instead, MCR 2.001 and MCR 2.119(F) plainly indicate that MCR 2.119(F) would not apply to circuit court review of district court decisions if it is shown that the circuit court's appellate jurisdiction is so limited to render MCR 2.119(F) inher-

ently inapplicable,[4] or the party demonstrates that the court rules provides an alternative procedure. See also MCR 6.001(D)(the rules of civil procedure are applicable to criminal cases where there is no criminal procedure or rule that applies, unless there is an express statement that the civil rules do not apply under the circumstances at issue).

In this case, there is no real dispute that MCR 7.100 *et seq.* does not provide an alternative procedure, thus, for the prosecution to prevail, it must show that the circuit court's jurisdiction is so limited as to render MCR 2.119(F) inapplicable. To make this showing, the prosecution relies on MCR 7.101(A)(2). Under this rule, "[a]n order or judgment of a trial court reviewable in the circuit court may be reviewed only by an appeal." We conclude that the prosecution's reliance is misplaced. Our review of the plain language of MCR 7.101(A)(2) does not preclude a circuit court's ability to hear a motion for reconsideration. An "appeal" is defined as

> [a] "resort to a superior (i.e., appellate) court to review the decision of an inferior (i.e., trial) court or administrative agency. A complaint to a higher tribunal of an error or injustice committed by a lower tribunal, in which the error or injustice is sought to be corrected or reversed." [*People v Jones*, 467 Mich 301, 305; 651 NW2d 906 (2002), quoting Black's Law Dictionary (6th ed).]

In this case, defendant's motion for reconsideration cannot be considered as an appeal because she did not seek review of an inferior court decision. Instead, defendant requested that the same court that rendered the original decision reassess its opinion. Under MCR 8.110 and local court rules, when a motion for recon-

---

[4] Circuit court jurisdiction to review inferior courts decisions is derived from Const1963, art 6, § 13.

sideration is filed, it is filed with the same caption, same case number and submitted to the same judge. The fact that the motion for reconsideration was reassigned to a different judge under MCR 8.110(C) after the original judge became unavailable does not transform the motion to an appeal. See, e.g., *Harry v Fairlane Club Properties, Ltd*, 126 Mich App 122, 124; 337 NW2d 2 (1983) (pursuant to MCR 2.613[B] a successor judge possesses the same authority and power as a predecessor judge).

In *Griffin v Civil Service Comm*, 134 Mich App 413, 419; 351 NW2d 310 (1984), this Court determined that, although there was no express provision in the court rules authorizing the circuit court, sitting as an appellate court, to rehear a case, the circuit court had the inherent ability to reconsider an appellate decision:

> This provision [GCR 1963, 527.5] is broad enough to give a circuit court power to entertain rehearings of matters in which it has entered judgments as a court of review. To hold that a circuit court is completely without authority to reconsider judgments it rendered in an appellate capacity would result in cases where, in retrospect, the circuit court believed its original judgment was wrong but that it could not rectify the situation because it possessed no authority to rehear the matter.

We find *Griffin's* reasoning persuasive. Former GCR 1963, 527.5 provided that a party seeking "to alter or amend the judgment shall be served not later than twenty days after entry of the judgment." GCR 1963, 527.5 was replaced by MCR 2.611, which provides substantially the same language with the exception that it extends the time to file and serve a motion to amend to twenty-one days. We similarly find MCR 2.611 sufficiently broad to allow a circuit court, sitting as an appellate court, to reconsider a judgment or order. Our conclusion allows the circuit court "to correct mistakes,

to preserve judicial economy, and to minimize costs to the parties," all of which are laudatory aims traditionally associated with motions for reconsideration. *Kokx v Bylenga*, 241 Mich App 655, 659; 617 NW2d 368 (2000). In addition, we note that the procedure for applying for leave in appeal to this Court pursuant to MCR 7.203 and MCR 7.205 remains intact.

In sum, because plaintiff has made no showing that the circuit court's appellate jurisdiction is so limited as to render MCR 2.119(F) inherently inapplicable, or that the court rules pertaining to district court appeals provide an alternative procedure, we hold that MCR 2.119(F) directly applies to the circuit court sitting as an appellate court. MCR 2.001.

Plaintiff next argues that the circuit court erred in granting the motion for reconsideration absent a required finding of palpable error under MCR 2.119(F). We disagree. A court's decision to grant a motion for reconsideration is reviewed for an abuse of discretion. *Kokx, supra* at 658.

MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

This Court has held that the palpable error provision in MCR 2.119(F)(3) is not mandatory and only provides guidance to a court about when it may be appropriate to consider a motion for rehearing or reconsideration. *Smith v Sinai Hosp of Detroit*, 152 Mich App 716, 722-723; 394 NW2d 82 (1986). "If a trial court wants to

give a 'second chance' to a motion it has previously denied, it has every right to do so, and this court rule does nothing to prevent this exercise of discretion." *Id.* at 723. See also *Sutton v Oak Park*, 251 Mich App 345, 349; 650 NW2d 404 (2002) (under MCR 2.119[F][3], a trial court's discretion in ruling on a motion for reconsideration is not restricted).

We further reject plaintiff's argument that, because the circuit court was sitting as an appellate court in considering the motion for reconsideration, MCR 7.215(I) mandates the circuit court to find palpable error before considering the motion. First, appeals from district court are governed by MCR 7.100 *et seq.,* while MCR 7.215(I) applies solely to the Court of Appeals. See *Haliw, supra* at 706 ("The intent of the [court] rule must be determined from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole."); see, e.g., *People v Bulger*, 462 Mich 495, 539-540; 614 NW2d 103 (2000) (CAVANAGH, J., dissenting) (the court rules applicable to the Court of Appeals and Supreme Court are found in subchapters 7.200 and 7.300, respectively).

MCR 7.215(I)(1) reads:

> A motion for reconsideration may be filed within 21 days after the date of the order or the date stamped on an opinion. The motion shall include all facts, arguments, and citations to authorities in a single document and shall not exceed 10 double-spaced pages. A copy of the order or opinion of which reconsideration is sought must be included with the motion. Motions for reconsideration are subject to the restrictions contained in MCR 2.119(F)(3).

Because a finding of palpable error is not a requirement to entertain a motion under MCR 2.119(F)(3), it cannot be a requirement under MCR 7.215(I)(1). Accordingly, we find that the circuit court was not re-

quired to find palpable error in order to grant defendant's motion for reconsideration.

Finally, the prosecution argues that the successor circuit judge used an incorrect standard of review when deciding the motion for reconsideration. We agree. The determination of what standard of review applies to a certain situation is a question of law. Questions of law are reviewed de novo. *Klinki v Mitsubishi Motors Corp*, 219 Mich App 500, 506; 556 NW2d 528 (1996).

In this case, the record shows that in deciding the motion for reconsideration the circuit court "made a comprehensive de novo review of the arguments presented." In doing so, the circuit court made factual findings, reviewed factual issues, and made credibility determinations de novo. This was error. Generally, the proper procedure for a court when reviewing a motion to suppress evidence is to review de novo the ultimate decision and to review the trial court's findings of fact for clear error. *People v Galloway*, 259 Mich App 634, 638; 675 NW2d 883 (2003) "A finding is clearly erroneous when, although evidence supports it, this Court is left with a firm conviction that the trial court made a mistake." *Featherston v Steinhoff*, 226 Mich App 584, 588; 575 NW2d 6 (1997). The reviewing court should give deference to the trial court's determination of credibility and may not substitute its judgment for that of the trial court. *Galloway*, *supra* at 638.

In addition, when considering whether a defendant's statement was voluntary, an appellate court's review must be independent of that of the trial court. *People v Sexton (After Remand)*, 461 Mich 746, 752; 609 NW2d 822 (2000), quoting *People v Sexton (On Remand)*, 236 Mich App 525, 543; 601 NW2d 399 (1999) (MURPHY, J., dissenting). However, the appellate court is to affirm the trial court's decision unless it is left with a definite

and firm conviction that a mistake has been made. *Sexton,* 461 Mich 752. "Further, if resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, [the appellate court] will defer to the trial court, which had a superior opportunity to evaluate these matters." *Id.*

In this case, because the circuit court reviewed the entire motion for reconsideration under a de novo standard, we vacate the September 18, 2003, circuit order suppressing defendant's statement and quashing the search warrant. We remand with instructions to the circuit court to reconsider the motion under the proper standards of review. We do not retain jurisdiction.