*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 17, 2022

Plaintiff-Appellee,

v

No. 356439
Oakland Circuit Court
LC No. 17-262216-FH

DENNIS DALE PARRISH,

Defendant-Appellant.

Before: BOONSTRA, P.J., and RONAYNE KRAUSE and CAMERON, JJ.

PER CURIAM.

A jury convicted defendant of assault by strangulation, MCL 750.84(1)(b); felonious assault, MCL 750.81; and domestic violence, MCL 750.81(2). The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to concurrent prison terms of 25 to 40 years for the assault by strangulation conviction, 10 to 15 years for the felonious assault conviction, and 90 days for the domestic violence conviction. Following a remand by this Court, the trial court denied resentencing. Defendant appeals, and we affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In defendant's original appeal, he sought resentencing on the grounds that he had not received adequate notice of the prosecution's intent to seek a fourth-offense habitual offender enhancement, and because two of the three qualifying prior felonies listed on the prosecution's notice of intent arose from the same transaction. *People v Parrish*, unpublished per curiam opinion of the Court of Appeals, issued April 2, 2020 (Docket No. 344604), unpub op at 1.

This Court summarized the relevant procedural background:

On March 15, 2017, defendant waived the preliminary examination and was bound over to the circuit court. On March 21, the prosecution filed a general information, charging defendant with assault by strangulation, felonious assault, and domestic violence. The following day (March 22, 2017), the prosecution filed with the court a fourth habitual offender sentence enhancement notice. However, the prosecution failed to file proof that the notice had been served on defendant.

-1-

On March 27, 2017, defendant was arraigned on the information in open court. Under MCL 769.13(2), defendant should have been served with the prosecutor's notice of intent to enhance defendant's sentence within 21 days of the arraignment—no later than April 16, 2017. The prosecution never filed a proof of service of the notice of sentence enhancement and there is no other record indication that defendant received notice within 21 days of the arraignment.

In March 2018, the parties reached a plea agreement. At the plea hearing, the prosecution made clear that defendant had been charged as a fourth habitual offender. The prosecution agreed to dismiss the 25-year mandatory minimum sentence for being a "super habitual," instead pursuing a sentence under the guidelines for a "regular habitual fourth" offender, and defendant agreed to plead no contest to the three charges and to being a fourth habitual offender. When the court later declined to sentence defendant consistent with other provisions in the plea agreement, the court allowed defendant to withdraw his plea and proceed to trial. [*Parrish*, unpub op at 1-2.]

This Court remanded the matter to the trial court for factual findings. The trial court then held an evidentiary hearing. After reviewing the prosecution's memorandum and attachments. defendant conceded that his three prior convictions had arisen from separate transactions. Defendant does not challenge that issue on appeal.

Regarding the issue of notice, the prosecution called one witness, Sara Pope-Starnes, the assistant prosecuting attorney who was present at defendant's March 27, 2017 arraignment waiver. Pope-Starnes testified that, on that day, she handed defendant's trial counsel a copy of the information and a copy of the "notice of habitual offender." Pope-Starnes noted that she had made an entry in the case file on March 27, 2017 reflecting that she had done so. The trial court accepted the testimony of Pope-Starnes, finding it credible, and denied defendant's request for resentencing. This appeal followed.

## II. STANDARD OF REVIEW

We review for clear error a trial court's factual findings. MCR 2.613(C); *People v Bylsma*, 493 Mich 17, 26; 825 NW2d 543 (2012). "A ruling is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Bylsma*, 493 Mich at 26 (quotation marks and citation omitted).

Whether the facts of the case support the conclusion that habitual-offender notice was properly given is "reviewed de novo as a question of law because it involves the interpretation and application of statutory provisions and court rules." *People v Head*, 323 Mich App 526, 542; 917 NW2d 752 (2018). "The interpretation of court rules is a question of law that this Court reviews de novo. The same principles of statutory interpretation govern when interpreting and applying a court rule. Therefore, . . . analysis begins with the language of the court rule." *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005) (citations omitted). "Unambiguous language in a statue or court rule is enforced as written." *Head*, 323 Mich App at 542.

## III.  ANALYSIS

Defendant argues that the trial court erred by finding that defendant received the habitual-offender notice within 21 days of arraignment, as required by MCL 769.13.  We disagree.

MCL 769.13 states, in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under [MCL 769.10 through MCL 769.12], by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement.  The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1).  The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings.  The prosecuting attorney shall file a written proof of service with the clerk of the court.

Similarly, MCR6.113(F) states:

> A notice of intent to seek an enhanced sentence pursuant to MCL 769.13 must list the prior convictions that may be relied upon for purposes of sentence enhancement.  The notice must be filed within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived or eliminated as allowed under MCR6.113(E), within 21 days after the filing of the information charging the underlying offense.

"The purpose of the notice requirement 'is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense.'"  *Head*, 323 Mich App at 543,quoting *People v Morales*, 240 Mich App 571, 582; 618 NW2d 10 (2000).  The absence of a proof of service of the notice of intent is harmless error when actual notice can be shown:

> The failure to provide a proof of service of the notice of intent to enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced by his ability to respond to the habitual-offender notification.  [*Head*, 323 Mich App at 543-544.]

Defendant asserts that, in the absence of a filed proof of service, the testimony of Pope-Starnes is insufficient to show that defendant received notice of the sentencing enhancement within

the required time frame.[1]  Defendant argues that Pope-Starnes's testimony regarding her regular practice of notating in the case file that a document was given to opposing counsel was not sufficient for the trial court to make a factual finding that a specific document was given to defendant's attorney on March 27, 2017.  We disagree.  A trial court's "resolution of a factual issue is entitled to deference." *People v Geno*, 261 Mich App 624, 629; 683 NW2d 687 (2004). " '[I]f resolution of a disputed factual question turns on the credibility of witnesses or the weight of the evidence, we will defer to the trial court, which had a superior opportunity to evaluate these matters.' " *People v Roberts*, 292 Mich App 492, 503-504; 808 NW2d 290 (2011) (citations omitted).

In this case, defendant has not shown the trial court's findings regarding Pope-Starnes's credibility and accuracy in her testimony were clearly erroneous. *Bylsma*, 493 Mich at 26.  Pope-Starnes testified regarding her customary practice of notating documents given to opposing counsel, and her notes indicated that she gave the document to defendant's trial counsel on March 27.  On cross-examination, she admitted that she did not independently recall handing defendant's attorney this particular document, but stated that she would have made the notations in the courtroom immediately after handing over the document, or when she returned to the office that day.  The trial court found Pope-Starnes's testimony credible and supportive of its finding that defendant's attorney received a copy of the prosecution's notice of intent.  We are not left with a definite and firm conviction that it was mistaken in doing so. *Bylsma*, 493 Mich at 26.

The trial court's factual finding sufficiently supports its conclusion that defendant received timely actual notice of the prosecution's intent to seek a sentencing enhancement.  See *Head*, 323 Mich App at 544.  Further, there is no evidence that defendant suffered prejudice because of the prosecution's failure to file a proof of service.  The prosecution's intent to seek a sentencing enhancement was discussed at defendant's plea hearing.[2]  However, as this Court noted in its prior opinion, the record of the 2018 plea hearing is not itself enough to show that there was proper notice under MCL 769.13: "The most we can ascertain on this record is that defendant received actual notice of the sentencing enhancement a full year after his arraignment.  Because it is unclear whether the prosecution complied with MCL 769.13, we must remand for further findings in this regard." *Parrish*, unpub op at 3.

Although defendant's awareness of his habitual-offender status at the plea hearing is not dispositive of the issue in and of itself, it is supportive of the trial court's finding that defendant

---

[1] Defendant's appellate counsel, at oral argument, argued that the prosecution bore the burden of proving, beyond a reasonable doubt, either that actual notice of the prosecution's intent to seek a habitual offender enhancement was given or that defendant was not prejudiced by the lack of notice.  Defendant cited *People v Walker*, 234 Mich App 299; 593 NW2d 673 (1999), in support of this claim.  We do not read *Walker* in this manner.  Simply put, the Court in *Walker* did not establish a standard of proof for the prosecution to meet with regard to notice or prejudice; instead, it referred to the standard that it applied in evaluating whether any error was harmless. *Id.* at 314-315 ("In any event, reversal is not warranted on a basis of this issue because any error was harmless beyond a reasonable doubt.").

[2] Defendant ultimately withdrew his plea and proceeded to trial.

received actual notice. At the plea hearing, defendant and his counsel did not express surprise that the prosecution sought to enhance his sentence under the habitual-offender statute. "The conclusion that defendant was not prejudiced and that he received actual notice of the habitual offender enhancement is further supported by the fact that defendant and defense counsel exhibited no surprise at sentencing when defendant was sentenced as a fourth-offense habitual offender." *Head*, 323 Mich App at 545.

We conclude that the prosecution's failure to file a proof of service under MCL 769.13 was harmless error. The trial court therefore did not err by denying defendant resentencing.

Affirmed.


/s/ Mark T. Boonstra
/s/ Amy Ronayne Krause
/s/ Thomas C. Cameron