*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

STEVEN RAY JONES,

      Defendant-Appellant.

UNPUBLISHED
June 20, 2024

No. 367221
Calhoun Circuit Court
LC No. 2022-003146-FH

Before: O'BRIEN, P.J., and M. J. KELLY and FEENEY, JJ.

PER CURIAM.

Defendant, Steven Jones, was bound over after a preliminary examination on two counts of resisting or obstructing a police officer, MCL 750.81d(1); and one count of trespass, MCL 750.552. Following an evidentiary hearing, the trial court dismissed the case. However, on reconsideration the trial court found palpable error in its initial ruling and, therefore, it reinstated the charges. Jones now appeals by leave granted.[1] For the reasons set forth in this opinion, we affirm.

## I. BASIC FACTS

This case arises following Jones' attempt to enter a courthouse so that he could video record with his cellular phone. His phone was attached to a "stick apparatus" that may have been a "selfie stick" or a tripod. Jones believed that he was entitled to record inside the courthouse under MCR 8.115. He was not, however, permitted past the security checkpoint. Instead, he was repeatedly instructed by multiple security officers to stop recording and to leave the courthouse. Jones then advised one of the officers that he was recording the officer's "ugly face." There were people walking behind the officer at that time, and the officer stated that he would prefer not to be

---

[1] *People v Jones*, unpublished order of the Court of Appeals, entered January 11, 2024 (Docket No. 367221).

recorded. Throughout the incident, multiple people were entering and leaving the courthouse, including jurors or potential jurors.

Because Jones refused to leave and was causing a disturbance, the officers advised him that he was going to be arrested for trespassing. One officer testified that when he went to arrest Jones, Jones moved his arm that was holding the "stick," took three steps back, and told the officers to not touch him. The officer did not know if Jones would use the "stick" as a weapon. The officers were able to take control of Jones, place him against the wall, and handcuff him. Jones's cellular phone was in selfie mode when it was recovered by the officers.

Following a preliminary hearing, the district court bound Jones over for trial, and Jones's motion to quash the bindover was denied. Jones then moved to dismiss the case, arguing that the officers had not given him a lawful command. The trial court held an evidentiary hearing limited to the issue of whether a lawful command had been given to Jones.[2] After hearing testimony, the court found that "[t]here was not a lawful command for [Jones'] arrest, there was not a basis for his arrest" because he was not trespassing or interfering with the activities of the court. Accordingly, the trial court granted Jones' motion to dismiss. On reconsideration, because the court concluded that there were several bases upon which Jones could be arrested, the court reversed its prior decision and reinstated the charges.

## II. RECONSIDERATION

### A. STANDARD OF REVIEW

Jones argues that the trial court erred by granting the prosecution's motion for reconsideration. "A court's decision to grant a motion for reconsideration is reviewed for an abuse of discretion." *People v Walters*, 266 Mich App 341, 350; 700 NW2d 424 (2005).

### B. ANALYSIS

Jones first asserted that the trial court improperly used a de-novo review when considering the prosecution's arguments and the evidence presented. A de-novo review is one where the reviewing court considers the matter anew, without giving any deference to the earlier decision. *People v Harverson*, 291 Mich App 171; 804 NW2d 757 (2010). Here, Jones argues that the court "considered new argument" and improperly made factual findings. But he does not identify the "new" factual findings. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627,

---

[2] The lawfulness of an officer's actions is an element of the offense of resisting or obstructing a police officer. *People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014). Thus, the lawfulness of the command given is a question of fact for the jury. *Id*. at 494. Thus, it appears that it was improper for the court to hold an evidentiary hearing to make factual findings as to the lawfulness of the command given. The parties, however, have not challenged the propriety of the evidentiary hearing.

640-641; 588 NW2d 480 (1998). Thus, by failing to support his position on appeal, Jones has abandoned it.

Jones next argues that the trial court abused its discretion by finding that there was a palpable error in its earlier ruling based upon the new legal argument brought by the prosecution. Jones suggests that because the prosecution's new argument could have been made at the evidentiary hearing, it was an abuse of discretion for the court to consider that argument on reconsideration. In support, Jones incorrectly cites *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009) for the proposition that issues first raised in a motion for reconsideration are not properly preserved for appellate review. *Vushaj* does not state that new arguments cannot be presented in a motion for reconsideration.

Rather, when considering the appropriateness of the arguments made in a motion for reconsideration, it is proper to look to MCR 2.119(F)(3), which is the court rule addressing motions for reconsideration or rehearing. MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

The discretion afforded to the trial court by MCR 2.119(F)(3) is very broad. Under the first sentence, the court need not grant motions for reconsideration that merely present the same issues that the court has already ruled upon. That same sentence, however, states that it does not restrict the court's discretion to grant reconsideration on a motion that only presents the same issues as have already been ruled upon by the court. Additionally, as stated by this Court in *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012), "a trial court has discretion on a motion for reconsideration to decline to consider new legal theories or evidence that could have been presented when the motion was initially decided." Finally, as it relates to the second-sentence, addressing the need for a palpable error to be identified, this Court has explained that the palpable-error provision is "not mandatory and only provides guidance to the court about when it may be appropriate to consider a motion for rehearing or reconsideration." *Walters*, 266 Mich App at 350. "If a trial court wants to give a second chance to a motion it has previously denied, it has every right to do so, and this court rule does nothing to prevent this exercise of discretion." *Id*. (quotation marks and citations omitted). In sum, the court rules allows for motions for reconsideration to be based both upon the same issues or upon new issues and evidence, and in both instances, the trial court retains the discretion to grant or deny the motion. The trial court, therefore, did not abuse its discretion by considering the prosecutor's new argument.[3]

---

[3] Jones does not otherwise challenge the trial court's determination that there was a palpable error in its first ruling. Accordingly, we decline to address this issue further.

Finally, Jones argues that he was entitled to enter the courthouse and record under MCR 8.115. He contends that because he was not allowed to do so, he was unlawfully denied his First Amendment rights. He also contends that he was unlawfully denied access to the courthouse and that he was not trespassing on public property. We conclude, however, that resolution of these issues will require factual findings, so they should be submitted to either a jury (or judge sitting as a factfinder in a bench trial).[4] Accordingly, such issues are not properly before this Court and will not be considered.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Kathleen A. Feeney

---

[4] We note that Jones is appealing only the trial court order reinstating his charges on reconsideration. He is not challenging the district court's decision to bind him over for charges of trespass and restricting or obstructing a police officer. Nor has he challenged the trial court order denying his motion to quash the bindover.