*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RUDY LLANES,

        Defendant-Appellant.

UNPUBLISHED
August 07, 2025
3:20 PM

No. 366432
Wayne Circuit Court
LC No. 85-004269-04-FC

Before: MALDONADO, P.J., and M. J. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant Rudy Llanes appeals by leave granted[1] the trial court's December 7, 2022 order returning his successive motion for relief from judgment without filing under MCR 6.502(G) because it was not based upon "a retroactive change in law."[2] In particular, defendant challenges his December 13, 1985 sentence of 75 to 150 years in prison for criminal sexual conduct in the first degree (CSC-I), MCL 750.520b, arguing that because he was 17 years old when he committed that offense, the sentence's substantial length violates recent federal and state caselaw concerning juvenile offenders under the Eighth Amendment, US Const, Am VIII, and Const 1963, art 1, § 16.[3] For the reasons set forth, we reverse the trial court and remand to that court for further proceedings.[4]

---

[1] See *People v Llanes*, 513 Mich 1041 (2024).

[2] MCR 6.502 was amended in May 2021 to provide that successive motions cannot be returned without filing. See 507 Mich clxxviii.

[3] Defendant also was sentenced to a concurrent term of 6 to 10 years in prison for assault with intent to commit sexual penetration, MCL 750.520g. Because that sentence has been fully served, it is no longer at issue in this appeal.

[4] Trial and sentencing occurred in the Detroit Recorder's Court. We will refer to the Recorder's Court as the "sentencing court," and the Wayne Circuit Court, which decided the instant motion for relief from judgment, as the "trial court."

# I. FACTS

In November 1985, defendant and three other men were jointly tried for the sexual assault of a woman earlier that year. The prosecutor, during his opening statement, characterized the incident as "a very offensive and vicious and sadistic gang rape," indicating that the instant defendant, in relevant part, violated the victim with a bottle and mop handle. Ultimately, defendant was found guilty of CSC-I and assault with intent to commit sexual penetration, apparently on the basis that he forced the victim to perform oral sex on him and used the mop handle. The sentencing court decided to impose a substantial upward departure, reasoning as follows:

> I find the guidelines inadequate. Moreover they're inadequate to reflect the nature of this type of criminal sexual conduct case. The situation as we have it here, there is truly not an opportunity to find a scoring for such as we have using foreign objects or object. So I intend to deviate from the guidelines because I find them to be totally inadequate to the facts of this case, in this situation.
>
> * * *
>
> With a case such as this, as far as I am concerned, I don't care about rehabilitation to the defendant in terms of sentence. If he wants to rehabilitate himself when he's in prison, that's fine. I do care about punishment for the heinous crime that we have here. I do care about may [sic] deterring someone else from ever committing this kind of crime, and I'm struck by the almost callous attitude, as if to say this isn't about anything, that I sense from the defendant. Can't figure out why he's even here.

The sentencing court accordingly sentenced defendant to 75 to 150 years in prison for CSC-I, and 6 to 10 concurrent years in prison for assault with intent to commit sexual penetration. This represented a substantial upward departure from the sentencing guidelines, which apparently were 96 to 180 months in prison.[5]

Defendant appealed, and this Court affirmed. *People v Llanes*, unpublished per curiam opinion of the Court of Appeals, issued March 28, 1988 (Docket No. 90637). Later, in 2006, defendant filed a motion for relief from judgment on the basis of newly discovered evidence. The trial court denied the motion, and this Court denied his delayed application for leave to appeal. *People v Llanes*, unpublished order of the Court of Appeals, entered July 17, 2007 (Docket No. 277242).

In August 2022, defendant filed his second motion for relief from judgment, which is at issue in this appeal. Defendant initially asserted that he is entitled to file his successive motion because "[*Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012)] and [*Montgomery v Louisiana*, 577 US 190; 136 S Ct 718; 193 L Ed 2d 599 (2016)] brought about a

---

[5] The typed SIR prepared after sentencing indicates that the guidelines range was 96 to 180 months in prison. However, defendant asserts on appeal that the guidelines range was 90 to 180 months in prison. Regardless, the 75-year minimum obviously represents a striking departure.

retroactive change in law," see MCR 6.502(G)(2), and, alternatively, because there are "recent developments in neuroscience," see MCR 6.502(G)(3). Regarding the merits of his motion, defendant raised three distinct arguments: (1) his 75-year minimum sentence for an offense committed as a juvenile violates both the Eighth Amendment and Const 1963, art 1, § 16; (2) the sentencing court failed to consider the fact that he was a juvenile when imposing sentence, contrary to the Eighth Amendment and Const 1963, art 1, § 16; and (3) advances "in our understanding of the neuroplasticity during human brain development" indicate that his 75-year minimum sentence violates the Eighth Amendment. In support of his motion, defendant included a 10-page affidavit from Dr. Daniel Keating, a Professor of Psychology, Psychiatry and Pediatrics at the University of Michigan, which essentially concluded that "[t]he neuroscience of adolescent development has advanced rapidly and at an accelerating pace since about 2006, indicating that developmental immaturity is clearly visible in individuals up to and beyond the age of 18."

The trial court rejected the motion for filing under MCR 6.502(G), reasoning as follows:

> ¶ 6. Both *Miller* and *Montgomery*, along with their Michigan progeny, apply to juveniles convicted of first degree murder, and automatically sentenced to life without parole. Thus, their holdings do not extend to juveniles who did not commit homicides, and who were not automatically sentenced to life without parole.

> ¶ 7. The "retroactive change in the law" provision of MCR 6.502(G)(2), therefore, does not apply to Mr. Llanes' case. The defendant incorrectly applies the holdings of the juvenile life without parole precedents to the facts of his case.

> ¶ 8. Additionally, MCR 6.500 *et seq* contains no provisions for relief from judgment based upon "significant advances in brain science", "diminished culpability", or "evolving concepts of juvenile justice".

> ¶ 9. Because the defendant's second motion for relief from judgment is not premised on an applicable "retroactive change in the law", it is a successive motion filed after August 1, 1995. As such, it must be returned under MCR 6.502(G)(1), and the defendant may not appeal this court's rejection of the motion.

Defendant filed a delayed application for leave to appeal in this Court, which was denied "because defendant has failed to establish that the trial court erred in denying the motion for relief from judgment." *People v Llanes*, unpublished order of the Court of Appeals, entered September 28, 2023 (Docket No. 366432). Defendant sought leave to appeal in our Supreme Court, and that Court remanded the case to this Court "for consideration as on leave granted." *People v Llanes*, 513 Mich 1041 (2024).[6] Thus, this case is now again before this Court.

---

[6] The issues raised in defendant's motion for relief from judgment, delayed application for leave to appeal in this Court, application for leave to appeal in our Supreme Court, and current brief on appeal are substantively identical.

## II. STANDARD OF REVIEW

"We review a trial court's decision on a motion for relief from judgment for an abuse of discretion[.]" *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes, or makes an error of law." *Id*. at 628-629 (citations omitted). We review constitutional issues de novo. *People v Hrlic*, 277 Mich App 260, 262; 744 NW2d 221 (2007). We review the interpretation of court rules de novo as well. *People v Walters*, 266 Mich App 341, 346; 700 NW2d 424 (2005).

## III. DISCUSSION

MCR 6.502(G), which governs successive motions for relief from judgment, currently provides[7] as follows:

> (1) Except as provided in subrule (G)(2), regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, one and only one motion for relief from judgment may be filed with regard to a conviction.

> (2) A defendant may file a second or subsequent motion based on any of the following:

> (a) a retroactive change in law that occurred after the first motion for relief from judgment was filed,

> (b) a claim of new evidence that was not discovered before the first such motion was filed, or

> (c) a final court order vacating one or more of the defendant's convictions either described in the judgment from which the defendant is seeking relief or upon which the judgment was based.

> * * *

> (3) For purposes of subrule (G)(2), "new evidence" includes new scientific evidence. This includes, but is not limited to, shifts in science entailing changes:

> (a) in a field of scientific knowledge, including shifts in scientific consensus;

---

[7] MCR 6.502(G) was amended effective January 1, 2023, a couple of months after the trial court decided the motion for relief from judgment at issue. See 510 Mich cxxxii. The current version of MCR 6.502(G) is quoted herein, although the difference between the two versions, both before and after the trial court's decision, is immaterial for the purposes of this case.

(b) in a testifying expert's own scientific knowledge and opinions; or

(c) in a scientific method on which the relevant scientific evidence at trial was based.

In addition, MCR 6.508(D)(3) requires that the defendant establish "good cause for failure to raise such grounds on appeal or in the prior motion," MCR 6.508(D)(3)(a), as well as "actual prejudice from the alleged irregularities that support the claim for relief," MCR 6.508(D)(3)(b).

Defendant argues that he satisfies the procedural threshold of MCR 6.502(G)(2) for two alternate reasons. First, he satisfies MCR 6.502(G)(2)(a) because his successive motion "is based on changes in the law under *Miller*, *Montgomery*, and *Stovall*." Second, he satisfies MCR 6.502(G)(3)(a) because his motion is based on "new scientific discoveries about juvenile brain neuroplasticity."

We agree with his first argument. Our Supreme Court has indicated that, in juvenile sentencing cases, repeated citation to and reliance upon the rationale of *Miller* and *Montgomery* is sufficient to satisfy the procedural bar of MCR 6.502(G)(2)(a):

> The prosecution argues that the defendant's successive motion for relief from judgment is barred by MCR 6.502(G) because the defendant's motion is not "based on a retroactive change in law." See MCR 6.502(G)(2). We disagree; as Justice CLEMENT said in her concurring statement in *People v Manning*, 506 Mich 1033, 1038 (2020) (CLEMENT, J., *concurring*), the retroactive change in law must only serve as a "foundation" or "base" for a defendant's claim to overcome the procedural bar in MCR 6.502(G)(2). Reading the rule more narrowly to require that the defendant's claims fall squarely within a retroactive change in law would effectively merge the procedural hurdle in MCR 6.502(G)(2) with the merits inquiry in MCR 6.508(D), rendering one of those provisions nugatory.

> Because *Miller* and *Montgomery* serve as the "foundation" or "base" for the defendant's challenges to the constitutionality of his sentences, his motion is "based on a retroactive change in law" and therefore overcomes the procedural bar in MCR 6.502(G). [*People v Stovall*, 510 Mich 301, 310-311; 987 NW2d 85 (2022) (cleaned up).]

In this case, defendant's successive motion for relief from judgment repeatedly cited *Miller* and *Montgomery* and argued that the rationale reflected in those cases should be extended to the instant case. Thus, under *Stovall*, *Miller* and *Montgomery* serve as the "foundation" or "base" for defendant's challenge to his sentence for the purposes of MCR 6.502(G)(2)(a). Consequently, because *Miller* is retroactive under *Montgomery*, see *Montgomery*, 577 US at 212, his successive motion for relief from judgment is "based upon a retroactive change in law" and therefore satisfies the procedural bar of MCR 6.502(G). The trial court abused its discretion by concluding

otherwise.[8]  Therefore, we reverse the trial court's order and remand to that court to address the merits of defendant's successive motion for relief from judgment under MCR 6.508(D).[9]

## IV.  CONCLUSION

We reverse the trial court's order returning defendant's successive motion for relief from judgment without filing under MCR 6.502(G), and we remand to that court to accept the motion for filing and to consider the merits of the motion under MCR 6.508(D).  We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michael J. Riordan

---

[8] While the principal error of the trial court was returning the motion without considering its merits, the trial court also erred by declining to file the motion.  See footnote two, *supra*.

[9] For the trial court's consideration of the merits, we briefly note the following.  First, with regard to the Eighth Amendment argument, the issue is whether *Graham v Florida*, 560 US 48; 130 S Ct 2011; 176 L Ed 2d 825 (2010), applies retroactively and, if so, whether the 75-year minimum sentence imposed on defendant violates *Graham*.  *Miller* and its progeny are inapplicable because defendant is "(1) a juvenile offender who (2) did not commit homicide."  *Hauschild v Harrington*, 732 F Supp 3d 839, 857 (ND Ill, 2024).

Second, with regard to Const 1963, art 1, § 16, the initial approach is whether *People v Eads*, ___ Mich App ___; ___ NW3d ___ (2025) (Docket No. 357332), which held that a juvenile defendant's "50-to-75-year term-of-years sentence for second-degree murder [does not] pass muster under the Michigan Constitution's prohibition against cruel or unusual punishment," *id*. at ___; slip op at 13, applies retroactively and, if so, whether the 75-year minimum sentence here violates *Eads*.

Further, while we acknowledge the peculiarity of the trial court assessing the retroactivity of caselaw under MCR 6.508(D) when MCR 6.502(G)(2) expressly refers to "a retroactive change in law," that peculiarity is a result of our Supreme Court's interpretation of these two court rules in *Stovall*.  The federal courts, in contrast, impose a more common-sense approach that requires an assessment of retroactivity at the threshold.  See, e.g., *Tyler v Cain*, 533 US 656, 667; 121 S Ct 2478; 150 L Ed 2d 632 (2001).