KOKX v BYLENGA

Docket No. 215038. Submitted March 7, 2000, at Grand Rapids. Decided
July 11, 2000, at 9:10 A.M.

In January 1996, Jerome E. and Mary A. Kokx brought an action in
the Kent Circuit Court against Dan E. Bylenga, Jr., and the law firm
of Schenk, Boncher & Prasher (collectively, the defendants), alleg-
ing legal malpractice. The action was dismissed without prejudice
by stipulation of the parties. In January 1997, the plaintiffs filed a
second malpractice action against the defendants. The defendants
filed a third-party complaint against the law firm of Miller, Can-
field, Paddock & Stone, seeking, in part, contribution. Miller Can-
field brought a motion for summary disposition, arguing that the
contribution claim should be dismissed because the tort reform leg-
islation enacted in 1995, 1995 PA 161 and 1995 PA 249, eliminated
joint liability in actions seeking damages for personal injury, prop-
erty damage, or wrongful death and, therefore, abolished contribu-
tion claims in such cases. The court, Donald A. Johnston, III, J.,
denied the motion. The court then granted Miller Canfield's motion
for reconsideration, limiting reconsideration to the issue whether,
in light of the applicability of 1995 PA 161 and 1995 PA 249 to the
litigation, the defendants could continue to pursue their third-party
action against Miller Canfield. Following hearings, the court
reversed its earlier order and granted summary disposition of the
contribution claim in favor of Miller Canfield, finding the contribu-
tion claim not viable in light of the 1995 tort reform legislation. The
defendants appealed from that order by leave granted.

The Court of Appeals *held*:

1. The court did not err in granting the motion to reconsider its
decision to deny summary disposition or in limiting its reconsidera-
tion to the issue it believed warranted further consideration.

2. The court did not err in refusing to apply law that was no
longer in effect at the time the plaintiffs filed their second malprac-
tice action.

3. Pursuant to the plain and mandatory language of the relevant
statutes following the 1995 tort reform legislation, MCL
600.2957(1), 600.6304(1); MSA 27A.2957(1), 27A.6304(1), a defend-
ant cannot be held liable for damages beyond the defendant's pro-

rata share, except under certain specified circumstances. To the extent that the statutes enacted as part of the 1995 tort reform legislation do not allow a person to be held responsible for paying damages beyond the defendant's pro-rata share of responsibility as determined under § 6304, claims for contribution are no longer viable. The court properly granted Miller Canfield's motion for summary disposition of the contribution claim.

Affirmed.

1. MOTIONS AND ORDERS — MOTIONS FOR RECONSIDERATION.

A court has discretion to grant a motion to reconsider an earlier ruling of the court regarding a motion and is allowed considerable discretion in granting reconsideration to correct mistakes, preserve judicial economy, and minimize costs to the parties; it is within the court's discretion to limit its reconsideration to the issues it believes warrant further consideration (MCR 2.119[F][3]).

2. COURTS — STIPULATIONS OF LAW.

A court is not bound by parties' stipulations of law and retains the inherent power to determine the applicable law in each case.

3. CONTRIBUTION — ACTIONS.

The plain and mandatory language of the statutes revised as part of the Legislature's 1995 tort reform legislation provides that a defendant cannot be held liable for damages beyond the defendant's pro-rata share, except under certain specified circumstances; in actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, as identified by the revised statutes, there is no basis for a claim of contribution (1995 PA 161, 1995 PA 249; MCL 600.2956, 600.2957[1], 600.6304[4]; MSA 27A.2956, 27A.2957[1], 27A.6304[4]).

*Smith Haughey Rice & Roegge* (by *L. Roland Roegge, Lance R. Mather*, and *Marilyn S. Nickell Tyree*), for Dan E. Bylenga, Jr., and Schenk, Boncher & Prasher.

*O'Brien & O'Brien PLC* (by *Thomas C. O'Brien*), for Miller, Canfield, Paddock & Stone.

Before: JANSEN, P.J., and HOEKSTRA and COLLINS, JJ.

COLLINS, J. Defendants/third-party plaintiffs, attorney Dan E. Bylenga, Jr., and the law firm of Schenk,

Boncher & Prasher (collectively, defendants), appeal by leave granted the circuit court's order granting summary disposition to third-party defendant Miller, Canfield, Paddock & Stone (Miller Canfield) of defendants' contribution claim. We affirm.

Following termination of Jerome Kokx' employment with Gainey Transportation Services (Gainey) in November 1991, Kokx and his wife, Mary Kokx (plaintiffs), retained defendants to, among other things, assist them in exercising their Gainey stock options. Gainey refused to honor plaintiffs' attempted exercise of stock options and plaintiffs filed suit against Gainey for breach of contract. In August 1992, plaintiffs substituted Miller Canfield in place of defendants as counsel in their breach of contract action. On May 26, 1993, the circuit court dismissed plaintiffs' action.

In January 1996, plaintiffs filed a legal malpractice suit against defendants only. In July 1996, defendants filed a motion for leave to file a third-party complaint against Miller Canfield. No hearing was ever held regarding this motion and the court never ruled on the motion. In November 1996, the case was dismissed without prejudice by stipulation of the parties. In January 1997, plaintiffs filed their second malpractice suit against defendants, and in May 1997, defendants filed a third-party complaint against Miller Canfield for indemnification and contribution. The parties subsequently agreed to dismiss the indemnity claim.

In January 1998, Miller Canfield filed a motion for summary disposition pursuant to MCR 2.116(C)(8), arguing, in pertinent part, that the contribution claim should be dismissed because the 1995 tort reform leg-

islation[1] eliminated joint liability in actions seeking damages for personal injury, property damage, or wrongful death and, consequently, abolished contribution claims in such cases. The circuit court denied Miller Canfield's motion. However, the court subsequently granted Miller Canfield's motion for reconsideration, limiting its reconsideration to the issue "whether, in light of the applicability of 1995 PA 161 and 249 to the present litigation, Defendants . . . may continue to pursue their third-party action against [Miller Canfield]." Following a hearing regarding the motion, the circuit court reiterated that the 1995 tort reform legislation governs this case and concluded that a contribution claim such as defendants' is not viable in light of that legislation. Accordingly, the court reversed its earlier order and granted the motion for summary disposition of the contribution claim.

Defendants first argue on appeal that the circuit court erred in reconsidering its decision to deny summary disposition. Defendants contend that because Miller Canfield's motion for reconsideration offered no new evidence or argument, but merely revisited the same issue presented in the motion for summary disposition, the court's reconsideration of its decision was contrary to MCR 2.119(F)(3). Defendants maintain that the court further erred in limiting its reconsideration to one issue only and failing to reconsider whether the 1995 tort reform legislation applies in this case.

A court's decision to grant a motion for reconsideration is an exercise of discretion. MCR 2.119(F)(3);

---

[1] 1995 PA 161 and 1995 PA 249.

*Michigan Nat'l Bank v Mudgett*, 178 Mich App 677, 681; 444 NW2d 534 (1989). Thus, "[i]f a trial court wants to give a 'second chance' to a motion it has previously denied, it has every right to do so, and this court rule [MCR 2.119(F)(3)] does nothing to prevent this exercise of discretion." *Smith v Sinai Hosp of Detroit*, 152 Mich App 716, 723; 394 NW2d 82 (1986). The rule allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties. See *Bers v Bers*, 161 Mich App 457, 462; 411 NW2d 732 (1987). Accordingly, we find no error in the circuit court's decision to reconsider its earlier ruling. Further, it was within the court's discretion to limit its reconsideration to the issue it believed warranted further consideration, and we find no abuse of discretion in that regard.

Defendants next argue that the circuit court erred in granting Miller Canfield's motion for summary disposition on the basis that claims for contribution such as defendants' did not survive the 1995 tort reform legislation. Defendants contend that the 1995 legislation does not apply to this case, and, even if it does, that legislation did not eliminate claims for contribution.

Pursuant to MCR 2.116(C)(8)[2], summary disposition may be granted on the ground that the opposing party

---

[2] Defendants contend that the circuit court granted summary disposition pursuant to MCR 2.116(C)(10). If summary disposition is granted under one subpart of the court rule when it was actually appropriate under another, the defect is not fatal and does not preclude appellate review as long as the record permits review under the correct subpart. *Michigan Basic Property Ins Ass'n v Detroit Edison Co*, 240 Mich App 524, 529; ___ NW2d ___ (2000); *Gibson v Neelis*, 227 Mich App 187, 189; 575 NW2d 313 (1997).

has failed to state a claim on which relief can be granted. *Horace v Pontiac*, 456 Mich 744, 749; 575 NW2d 762 (1998). A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone; the motion may not be supported with documentary evidence. *Simko v Blake*, 448 Mich 648, 654; 532 NW2d 842 (1995). All factual allegations in support of the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts, and construed in the light most favorable to the nonmoving party. *Id.* The motion may be granted only when the claim is "so clearly unenforceable as a matter of law that no factual development could possibly justify recovery." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992).

We address first whether the circuit court erred in concluding that this case is governed by the 1995 tort reform legislation. The provisions of 1995 PA 161 became effective September 29, 1995, and those of 1995 PA 249 became effective March 28, 1996. Plaintiffs' second malpractice action was filed in January 1997 and defendants filed their third-party claim for contribution in May 1997. Defendants argue that the law in effect before the 1995 legislation applies because the second malpractice claim is nothing more than a continuation of the legal malpractice claim filed in January 1996, before part of the 1995 legislation became effective. Defendants contend that when the parties stipulated to dismiss, without prejudice, plaintiffs' first legal malpractice suit against defendants, it was with the understanding that the "status quo" would be maintained, i.e., that the law in force at the time of the filing of the first claim would apply if and when any new claim was filed. Miller

Canfield argues, on the other hand, that it was not a party to the first action or any stipulation to apply the earlier law and, therefore, is not bound by any alleged agreement.

Whether such an agreement did, in fact, exist, and whether Miller Canfield had any part in the agreement, is irrelevant because a court is not bound by such a stipulation of law. *In re Finlay Estate*, 430 Mich 590, 595; 424 NW2d 272 (1988). Further, the court has the inherent power to determine the applicable law in each case. *Id.* Notwithstanding defendants' claims of equitable considerations, we find no error in the court's refusal to apply law that was no longer in effect at the time plaintiffs filed their second malpractice action. See *id.* at 595-596.

We address next defendants' contention that even if the 1995 tort reform measures apply in this case, those laws have not abrogated their right to bring an action for contribution against Miller Canfield under MCL 600.2925a; MSA 27A.2925(1). The issue whether or to what extent contribution claims survived the 1995 tort reform laws is an issue of first impression for this Court. Statutory interpretation is a question of law that we review de novo on appeal. *Oakland Co Bd of Co Rd Comm'rs v Michigan Property & Casualty Guaranty Ass'n*, 456 Mich 590, 610; 575 NW2d 751 (1998).

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Frankenmuth Mut Ins Co v Marlette Homes, Inc*, 456 Mich 511, 515; 573 NW2d 611 (1998). This Court will not read into a statute anything that is not within the manifest intention of the Legislature as gathered from the act itself. *In re S R*, 229 Mich App

310, 314; 581 NW2d 291 (1998). Statutory provisions must be read in the context of the entire statute so as to produce an harmonious whole, *Weems v Chrysler Corp*, 448 Mich 679, 699-700; 533 NW2d 287 (1995), and seeming inconsistencies should be reconciled if possible. *Gross v General Motors Corp*, 448 Mich 147, 164; 528 NW2d 707 (1995).

Defendants maintain that because the Legislature did not repeal Michigan's contribution statute, § 2925a of the Revised Judicature Act, MCL 600.2925a; MSA 27A.2925(1), the revised version of MCL 600.6304; MSA 27A.6304 merely provides an alternative method of allocating fault and they are still entitled to pursue a contribution action under § 2925a. Section 2925a provides that when two or more persons become jointly or severally liable in tort for the same injury to a person, there is a right of contribution among them even though a judgment has not been recovered against all or any of them. The statute further provides, however, that "[t]he right of contribution exists only in favor of a tort-feasor who has paid more than his pro rata share of the common liability . . . ." MCL 600.2925a(2); MSA 27A.2925(1)(2).

With its enactment of 1995 PA 161 and 1995 PA 249, the Legislature made several changes to the Revised Judicature Act, including eliminating joint liability in a variety of circumstances. See MCL 600.2956; MSA 27A.2956 and MCL 600.6304(4); MSA 27A.6304(4). See also House Legislative Analysis, HB 4508, April 27, 1995, p 1.[3] Instead, under the revised statutes, a defendant's exposure to liability in actions based on

---

[3] Joint liability remains under some circumstances, e.g., in medical malpractice cases, MCL 600.6304(6); MSA 27A.6304(6), or where the tortfeasor's conduct is a crime in which gross negligence is one of the ele-

tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than one person, except as otherwise provided, is limited by the trier of fact's determination of the percentage of fault of all persons that contributed to the injury, regardless of whether the person was or could have been named a party to the action. MCL 600.6304(1); MSA 27A.6304(1). MCL 600.2957(1); MSA 27A.2957(1)[4] clearly mandates that "the liability of each person *shall* be allocated . . . in direct proportion to the person's percentage of fault," and subsection 6304(4) explicitly states that, except as otherwise provided, "a person *shall not* be required to pay damages in an amount greater than his or her percentage of fault," as determined by the factfinder. (Emphasis added.) Thus, under the plain and mandatory language of the revised statutes, a defendant cannot be held liable for damages beyond the defendant's pro-rata share, except under certain specified circumstances. Accordingly, in actions based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, as identified by the revised statutes, there would be no basis for a claim of contribution. Moreover, because joint liability remains in certain circumstances, the Legislature would have no reason to repeal § 2925a, which provides for a right of contribution "[e]xcept as otherwise provided in this act . . . ."[5]

---

ments, or a crime involving the use of alcohol or controlled substances in violation of certain Michigan statutes. MCL 600.6312; MSA 27A.6312.

[4] *Added by 1995 PA 161 and amended by 1995 PA 249.*

[5] Defendants also point to the permissive language of MCR 2.112(K)(3)(a) ("[a] party against whom a claim is asserted *may* give notice of a claim that a nonparty is wholly or partially at fault") in support of their argument that they are not bound to proceed under MCL 600.6304;

Therefore, we hold that to the extent that the statutes enacted as part of the Legislature's 1995 tort reform do not allow a person to be held responsible for paying damages beyond the person's pro-rata share of responsibility as determined under § 6304, claims for contribution are no longer viable. Thus, the circuit court did not err in granting Miller Canfield summary disposition of defendants' contribution claim.

Affirmed.

---

MSA 27A.6304, but still have the option of filing a claim for contribution. However, as Miller Canfield points out, MCR 2.204(A)(1) provides that a third-party plaintiff may proceed against "a person not a party to the action who is or may *be liable* to the third-party plaintiff for all or part of the plaintiff's claim." Again, because defendants cannot be held liable for more than their pro-rata share of damages under the revised statutes, Miller Canfield cannot be liable to defendants for contribution, and so may not proceed with their third-party claim.