*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HANNAH MAY,

      Plaintiff-Appellant,

UNPUBLISHED
January 18, 2024

v

ALLSTATE INSURANCE COMPANY,

      Defendant-Appellee.

No. 365178
Oakland Circuit Court
LC No. 20-181541-NF

Before: GLEICHER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

In this action brought by plaintiff for recovery of no-fault benefits, recovery of prejudgment penalty interest under MCL 500.2006, and declaratory relief, plaintiff appeals as of right the trial court's order reconsidering and vacating its March 9, 2022 order granting plaintiff attorney fees and denying plaintiff's request for attorney fees. For the reasons set forth in this opinion, we vacate the order denying attorney fees and remand the matter to the trial court for additional proceedings consistent with this opinion.

## I. BACKGROUND

This appeal arises out of an automobile collision that occurred on Interstate 696 in Royal Oak, Michigan, on September 1, 2013. At the time of the collision, plaintiff had a valid and effective automobile insurance policy with defendant. Plaintiff filed suit for unpaid or unreasonably delayed payment of no-fault benefits, unpaid prejudgment penalty interest, and declaratory relief.

After completion of case evaluation, the parties continued to dispute bills from three providers: Breaking Barriers Rehab Center ("Breaking Barriers"), Forest Park, and Farmbrook Interventional Pain & EMG ("Farmbrook"). On November 30, 2021, defendant filed a motion in limine, requesting the trial court preclude plaintiff "from making any reference, statements, arguments or introduction of evidence regarding any alleged bills from Breaking Barriers Rehab Center, Forest Park or Farmbrook Interventional Pain & EMG." Defendant argued introduction of evidence of bills from Breaking Barriers, Forest Park, and Farmbrook would substantially prejudice defendant because defendant already paid Breaking Barriers and Forest Park, and

-1-

Farmbrook has its own lawsuit. Plaintiff did not respond to defendant's motion in limine. On December 14, 2021, the trial court granted defendant's motion in limine, barring and precluding plaintiff from "making any reference, statements, arguments or introduction of evidence regarding any alleged bills from Breaking Barriers Rehab Center, Forest Park or Farmbrook Interventional Pain & EMG at the trial of this matter."

On January 4, 2022, plaintiff moved for reconsideration of the order granting defendant's motion in limine, and moved to extend plaintiff's time to file a response to defendant's motion in limine. Plaintiff argued, in relevant part, there are still outstanding bills from the identified providers. On January 28, 2022, the trial court denied plaintiff's motion for reconsideration. The trial court noted plaintiff "did not move for relief pursuant to MCR 2.612(C)(1), and she did not allege, nor show, mistake, inadvertence, surprise, or excusable neglect."

On February 22, 2022, plaintiff moved to set aside the order granting defendant's motion in limine, under MCR 2.612(C). Plaintiff argued relief from judgment is warranted because "Defendant still owes money to Plaintiff for services rendered by providers whose claims were dismissed, despite its assertions to the contrary. The evidence provided by Defendant failed to show that these bills were paid in full." On March 3, 2022, the trial court denied plaintiff's motion to set aside the order granting defendant's motion in limine.

On February 22, 2022, defendant moved to dismiss the case, arguing the only bills plaintiff claims are unpaid are the bills from Breaking Barriers, Forest Park, and Farmbrook, all of which plaintiff is precluded from introducing at trial based on the trial court's order in limine. On February 28, 2022, plaintiff responded to defendant's motion to dismiss, arguing dismissal is inappropriate because the declaratory relief claim still remains, and plaintiff had pending motions before the court, including plaintiff's motion for attorney fees, costs, and penalty interest, discussed below. On March 3, 2022, the trial court granted defendant's motion to dismiss. The trial court's order stated: "This order resolves the last pending claim and closes the case."

However, the trial court's order did *not* resolve the last pending claim as the trial court granted plaintiff's request for attorney fees on March 9, 2022. In awarding plaintiff attorney fees, the trial court opined:

> Because the Defendant did not respond to the motion, the Defendant has not disputed that the bills identified in paragraph 12 of the motion were paid more than 30 days after it received reasonable proof of the fact and of the amount of loss sustained. See MCL 500.3142(2). Therefore, Plaintiff is entitled to 12% interest on the overdue payments and reasonable attorney fees. . . . After considering the Plaintiff's argument and the documentary support provided, the Court finds $400.00 per hour to be a reasonable rate for attorney Carla D. Aikens.

At the request of the trial court, plaintiff filed a supplement to her motion for attorney fees, providing the court with a breakdown of fees. The trial court allowed defendant to respond to plaintiff's supplemental filing, if defendant disagreed on the amount to be awarded. Defendant responded, arguing plaintiff was not entitled to attorney fees. Defendant contended some of the alleged overdue bills were, in fact, paid on time, and argued it had reasonable explanations for bills not paid within 30 days of receipt.

Then, on February 10, 2023, the trial court vacated its March 9, 2022 order and denied plaintiff's request for attorney fees. After considering defendant's reply to plaintiff's supplemental filing, the trial court "felt compelled to re-examine the record in this matter." The trial court found:

> it committed palpable error by ordering that Plaintiff was entitled to an award of attorney fees for the Breaking Barriers Rehab Center bills because the bills were stricken from this matter pursuant to this Court's order dated December 14, 2021. In addition, the Plaintiff has not shown that the insurer unreasonably refused to pay any claim or unreasonably delayed in making the proper payment. Therefore, an award of attorney's fees pursuant to MCL 500.3148(1) is improper for the reasons argued by the Defendant.

This appeal followed.

## II. STANDARD OF REVIEW

We review "for an abuse of discretion a trial court's decision . . . on a motion for reconsideration. . . ." *In re Ingham County Treasurer for Foreclosure*, 331 Mich App 74, 77; 951 NW2d 85 (2020). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes. A court by definition abuses its discretion when it makes an error of law." *Id*. at 77-78 (quotation marks and citations omitted). We review "a trial court's grant or denial of attorney fees for an abuse of discretion. Any findings of fact on which the trial court bases an award of attorney fees are reviewed for clear error, but questions of law are reviewed de novo." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005) (citations omitted). "Questions of statutory interpretation, construction, and application are reviewed de novo." *Johnson v Johnson*, 329 Mich App 110, 118; 940 NW2d 807 (2019).

## III. ANALYSIS

From the outset we note that plaintiff argued that the trial court abused its discretion by vacating its award of attorney fees to plaintiff and denying plaintiff's request for attorney fees under MCL 500.3148(1). However, in her briefing, plaintiff argued that it did not matter if she was the prevailing party in order for her to receive attorney fees. Then, at oral argument, plaintiff changed her argument and emphasized that because of her counsel's efforts, plaintiff was able to secure medical payments, though the bills were unreasonably refused or unreasonably delayed. Though plaintiff's brief was not as clear as her oral argument, in her brief, plaintiff's counsel did argue that she is entitled to statutory attorney fees because as a result of her efforts, and the fact that some, if not most of the medical bills were unreasonably refused and/or unreasonably delayed, hence MCL 500.3184(1) entitled her to attorney fees.

In their brief, defendants initially argued that plaintiff was not the prevailing party and therefore could not receive the statutory attorney fees. Following admission that the medical bills were paid, hence the trial court's order dismissing the matter, defendant's argument at oral argument was that the trial court found that plaintiff was not entitled to attorney feeds under MCL 500.3184(1) and that decision should be upheld because plaintiff cannot demonstrate an abuse of discretion.

-3-

As an initial matter, plaintiff argues defendant's reply to plaintiff's supplement was essentially a motion for reconsideration, which defendant lacked authority to bring. Plaintiff's argument is premised on her belief that the trial court could not reconsider its earlier ruling granting her attorney fees. However, and contrary to plaintiff's position here, "[u]nder MCR 2.119(F), a trial court has discretion to grant rehearing or reconsideration of a decision on a motion." *Al-Maliki v LaGrant*, 286 Mich App 483, 486; 781 NW2d 853 (2009).

A court's decision to grant a motion for reconsideration is an exercise of discretion. Thus, if a trial court wants to give a "second chance" to a motion it has previously denied, it has every right to do so, and this court rule [MCR 2.119(F)(3)] does nothing to prevent this exercise of discretion. The rule allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties. [*Kokx v Bylenga*, 241 Mich App 655, 658-659; 617 NW2d 368 (2000) (quotation marks and citations omitted).]

Thus, this Court has made clear that that a trial court has the "explicit procedural authority to revisit an order while the proceedings are still pending and, on that reconsideration, to determine that the original order was mistaken." *Hill v City of Warren*, 276 Mich App 299, 307; 740 NW2d 706 (2007). Here, defendant had explicit authority from the trial court to respond to plaintiff's supplement if defendant opposed the amount of fees to be awarded. Defendant's reply reflected defendant's position that no award of attorney fees is warranted. Further, even though there was no pending motion for reconsideration, the trial court had authority to sua sponte revisit its original grant of attorney fees to plaintiff. See *Hill*, 276 Mich App at 307: "As a general matter, courts are permitted to revisit issues they previously decided, even if presented with a motion for reconsideration that offers nothing new to the court." Accordingly, the trial court acted within its authority when deciding to revisit its previous order.

Turning to the central issue presented here, whether plaintiff is entitled to attorney fees, we begin by noting: "[a]s a general rule, attorney fees are not recoverable from a losing party unless authorized by a statute, court rule, or other recognized exception." *Great Lakes Shores, Inc v Bartley*, 311 Mich App 252, 255; 874 NW2d 416 (2015). Plaintiff was initially awarded attorney fees under MCL 500.3148(1), which states, in relevant part:

[A]n attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits that are overdue. The attorney's fee is a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. [MCL 500.3148(1).]

"[A]ttorney fees are payable only on *overdue* benefits for which the insurer has unreasonably refused to pay or unreasonably delayed in paying." *Proudfoot v State Farm Mut Ins Co*, 469 Mich 476, 485; 673 NW2d 739 (2003). Here, we cannot glean from the trial court's orders its basis for awarding, then denying attorney fees. It appears that initially, the trial court *may have* granted attorney fees at least in part because defendant failed to respond to plaintiff's motion requesting attorney fees. However, on reconsideration, rather than point out what error the trial court had initially made in finding that payments were unreasonably delayed or unreasonably refused, the trial court simply stated that plaintiff failed to provide any evidence that defendants

unreasonably refused or unreasonably delayed payment. Left unanswered then is the evidence on which the trial court found when it initially granted plaintiff attorney fees. Failure to make such findings leads us to conclude that the trial court's final order denying plaintiff attorney fees was tantamount to an abuse of discretion because the trial court failed to state why the evidence it considered when initially granting attorney fees was no longer valid. Additionally, we find that the trial court's failure to make relevant findings precludes review of this decision, and we remand to the trial court for further proceedings. See, *Woodington v Shokoohi*, 288 Mich App 352, 354, 792 NW2d 63, 68 (2010). Hence, the order of dismissal was entered in error.

On remand, we remind the trial court that:

> MCL 500.3148(1) establishes two prerequisites for the award of attorney fees. First, the benefits must be overdue, meaning not paid within 30 days after [the] insurer receives reasonable proof of the fact and of the amount of loss sustained. MCL 500.3142(2). Second, in postjudgment proceedings, the trial court must find that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment. MCL 500.3148(1). [*Moore v Secura Ins*, 482 Mich 507, 517; 759 NW2d 833 (2008), reh den 483 Mich 928 (2009) (quotation marks omitted).]

"[A]n insurer's refusal to pay benefits is not unreasonable if the insurer's refusal or delay in payment is the product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty." *Id*. at 520. Thus, on remand the trial court should reexamine the record and determine whether the two prerequisites under MCL 500.3148(1) have been sufficiently proven by plaintiff, and provide a detailed analysis of its findings. At its sole discretion, the trial court may require additional briefing or argument on the issue.

We certainly understand the difficult circumstances under which the trial court was forced to resolve this matter. Examining the circumstances surrounding when and how this matter was resolved in the trial court, it is easy to understand how the trial court had difficulty keeping track of the various motions and reply motions filed by the parties. Both plaintiff and defendant failed to answer certain motions, triggering the trial court to enter rulings against them. Perhaps the greatest obstacle of all was the fact that the trial court was in then coming out of COVID protocols and it was undoubtedly struggling to keep track of its prior rulings without the benefit of a full staff and in person arguments. However, because the record does reveal that plaintiff presented some evidence that the medical bills *may* have been unreasonably refused or unreasonably delayed in payment, and the trial court did initially award attorney fees in this matter then vacated that order without sufficient findings on which we may review the issue, we vacate the trial court's order dismissing this matter and remand the matter to the trial court to decide whether plaintiff is entitled to attorney fees under MCL 500.3148.

We next address the trial court's findings that plaintiff failed to submit the requisite documentation required for the trial court to decide the reasonable rate and reasonable number of hours expended.

In *Wood*, our Supreme Court adopted six factors, which a court may consider when determining the reasonableness of attorney fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results

achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Wood*, 413 Mich at 588.

In *Smith*, the Michigan Supreme Court modified the test in *Wood*, stating:

We hold that a trial court should begin its analysis by determining the fee customarily charged in the locality for similar legal services, i.e., factor 3 under MRPC 1.5(a). In determining this number, the court should use reliable surveys or other credible evidence of the legal market. This number should be multiplied by the reasonable number of hours expended in the case (factor 1 under MRPC 1.5[a] and factor 2 under *Wood*). The number produced by this calculation should serve as the starting point for calculating a reasonable attorney fee. We believe that having the trial court consider these two factors first will lead to greater consistency in awards. Thereafter, the court should consider the remaining *Wood*/MRPC factors to determine whether an up or down adjustment is appropriate. And, in order to aid appellate review, a trial court should briefly discuss its view of the remaining factors. [*Smith*, 481 Mich at 530-531.]

In *Pirgu*, the Michigan Supreme Court clarified the test for determining the reasonableness under MCL 500.3148(1):

[A] trial court must begin its analysis by determining the reasonable hourly rate customarily charged in the locality for similar services. The trial court must then multiply that rate by the reasonable number of hours expended in the case to arrive at a baseline figure. Thereafter, the trial court must consider all of the remaining Wood and MRPC 1.5(a) factors to determine whether an up or down adjustment is appropriate. [*Pirgu*, 499 Mich at 281.]

Here, the trial court stated plaintiff failed to delineate what time was expended working on payment for Breaking Barriers's bills. The trial court also determined plaintiff failed to: (a) discuss the *Smith* factors, (b) attach any affidavits, and (c) provide the court with any surveys containing data regarding attorney fees. However, our review leads us to conclude that plaintiff's motion for attorney fees does include an analysis of the factors outlined in *Smith*, and attaches, as an exhibit, the State Bar of Michigan 2020 Economics of Law Practice–Attorney Income and Billing Rate Summary Report, providing data regarding attorney fees in Michigan. Thus, *if* plaintiff is entitled to attorney fees, plaintiff provided the requisite analysis for a determination of reasonable fees.

Vacated and remanded to the trial court for further proceedings consistent with this opinion. No costs are awarded. MCR 7.219(A). We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro