*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

*In re* D A ROSPORSKI, Minor.

UNPUBLISHED
October 14, 2024
1:52 PM

No. 364869
Wayne Circuit Court
Family Division
LC No. 2019-001345-NA

Before: MARKEY, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

In this child protective proceeding, the Department of Health and Human Services (DHHS) appeals as of right the trial court's order denying jurisdiction over the minor child, DAR. Prior to issuing its order denying jurisdiction, the court held an adjudicative trial and took jurisdiction over DAR. About a week later, and on the instruction of the trial court, respondent-father moved for reconsideration of the original adjudicative order. In an oral ruling, the trial court found that, by a preponderance of the evidence, there were no statutory grounds to assume jurisdiction over DAR. The court vacated its previous order and dismissed the DHHS's petition. On appeal, the DHHS argues that the trial court erred when it reconsidered this issue because respondent-father failed to demonstrate a palpable error in the original decision and merely represented the same issue raised at trial. The DHHS also argues that the trial court failed to sufficiently articulate the basis for its decision and did not make adequate factual findings that would enable a meaningful appellate review. After reviewing the record, we agree that the trial court did not articulate an adequate basis or make sufficient factual findings to justify its denial of jurisdiction. Accordingly, we remand for appropriate findings of fact and an articulation of a jurisdictional analysis that is amenable to appellate review.

## I. BACKGROUND

DAR was born in 2008 to respondent-father and SA. Respondent-father and SA never married and, following DAR's birth, their relationship became highly contentious. For several years, respondent-father and SA regularly disputed custody, visitation, and child support in a separate civil action. In 2015, the court awarded respondent-father and SA joint legal custody of

-1-

DAR. Regarding physical custody, the court granted respondent-father parenting time three weekends each month during the school year. After a visit with respondent-father in April 2019, DAR disclosed to school personnel that he was afraid of his father. According to DAR, an incident occurred the night before in which respondent-father yelled at him, slapped him, grabbed him by the throat, threw him on the ground, and dragged him through the house. This was not the first time that respondent-father allegedly was physical with DAR. The school contacted SA, who reported the alleged abuse to the police and took DAR to the hospital for an examination. Hospital staff noted that DAR had mild edema on his scalp and mild jaw pain, but no further treatment was necessary. During the subsequent Children's Protective Services (CPS) investigation, DAR's grandmother reported that DAR recently told her that respondent-father "touched his privates" when he was four or five years old. In a forensic interview that followed, DAR disclosed again that respondent-father "squeezed" his genitals once.

In July 2019, the DHHS filed a petition requesting that the court take jurisdiction over DAR and remove him from respondent-father's care on the basis of these allegations. The petition recounted the alleged physical abuse that occurred in April 2019, and DAR's recent disclosure of respondent-father's sexual abuse. SA was named as a nonrespondent parent and the petition requested that DAR remain in her care and custody. The trial court authorized the petition at a July 2019 preliminary hearing. However, for various reasons, including a dismissal and reinstatement of the petition, the recusal of two judges, and restrictions related to the COVID-19 pandemic, more than three years passed before the court completed an adjudicative trial.

The trial was ultimately held in November 2022. After taking testimony from DAR and a CPS worker, the court held that DAR, then 14-year-old, came within its jurisdiction. Regarding the allegations of physical abuse, the court found that, on the basis of DAR's testimony, respondent-father "grabbed [DAR] by the back of the neck, picked him up, held him horizontally, and carried him into the house. And with the statements made by the child, it's certainly inappropriate discipline, and rises to the level of physical abuse of the child." The trial court also found credible DAR's testimony that his father touched him inappropriately. Accordingly, the court found that a preponderance of the evidence established that respondent-father had physically and sexually abused DAR.

Nine days after the adjudicative trial, the court sua sponte requested that the parties appear before it. The court stated that it believed it may have made an error in its adjudicative decision and it "schedule[d] the matter for a hearing on any motion for reconsideration . . . ." Respondent-father moved for reconsideration, arguing that the court failed to consider evidence suggesting that DAR's allegation of sexual abuse was the product of SA improperly influencing and coaching the child. At a January 2023 hearing, the court granted reconsideration, vacated its previous order, denied jurisdiction over the child, and dismissed the petition. The court found that, after reconsidering the evidence, "it is more likely than not that the father did not commit a sexual act on the child [DAR]." The court stated further that the physical abuse "does not rise to the level for this Court to be involved," and noted that "father has availed himself of therapeutic services." The DHHS now appeals.

## II.  MOTION FOR RECONSIDERATION

The DHHS argues that the trial court abused its discretion when it granted respondent-father's motion for reconsideration because respondent-father failed to demonstrate a palpable error and merely presented the same issue for reconsideration already determined at trial. Although the trial court did not abuse its discretion in entertaining respondent-father's motion for reconsideration, the court failed to make adequate findings of fact and conclusions of law to properly articulate why DAR did not come within its jurisdiction when it reconsidered the issue.

### A.  STANDARD OF REVIEW

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008).  "An abuse of discretion occurs when the trial court chooses an outcome that falls outside the range of principled outcomes." *In re Utrera*, 281 Mich App 1, 15; 761 NW2d 253 (2008) (quotation marks and citation omitted).  A trial court necessarily abuses its discretion when it makes an error of law. *In re Portus,* 325 Mich App 374, 381; 926 NW2d 33 (2018).  This Court reviews de novo issues involving the interpretation and application of court rules.  *In re Ferranti*, 504 Mich 1, 14; 934 NW2d 610 (2019).

We review a trial court's decision to exercise jurisdiction over a child for clear error in light of the court's findings of fact.  *In re Kellogg*, 331 Mich App 249, 253; 952 NW2d 544 (2020). Clear error review considers whether "the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses."  *Id.* (quotation marks and citation omitted).  Explicit in this Court's standard of review is the expectation that the trial court will review and weigh the evidence, and make findings of fact.  "The trial court's findings need not be extensive; 'brief, definite, and pertinent findings and conclusions on contested matters are sufficient.' "  *In re MJC*, ___ Mich App ___, ___; ___ NW2d ___ (Docket No. 365616); slip op at 10, quoting MCR 3.977(I)(1).

### B.  DISCUSSION

Motions for reconsideration or rehearing in child protective proceedings are governed by both MCR 3.992 and MCR 2.119.[1]  MCR 3.992(A) provides that "[a] motion will not be considered unless it presents a matter not previously presented to the court, or presented, but not previously considered by the court, which, if true, would cause the court to reconsider the case." MCR 2.119(F)(3) provides:

---

[1] According to MCR 3.901(A)(2), the Michigan Court Rules apply to juvenile cases in the family division of the circuit court only when specifically provided for in Subchapter 3.900.  MCR 3.901(B) provides, among other things, that MCR 3.992 applies to child protective proceedings. In turn, MCR 3.992(D) states that "motion practice in juvenile proceedings is governed by MCR 2.119."  Accordingly, motions for rehearing or reconsideration in child protective proceedings are governed by both MCR 3.992 and MCR 2.119.

Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

However, this Court has long recognized that the court rules allow a court to correct an error in its original analysis:

A court's decision to grant a motion for reconsideration is an exercise of discretion. Thus, "[i]f a trial court wants to give a 'second chance' to a motion it has previously denied, it has every right to do so, and this court rule [MCR 2.119(F)(3)] does nothing to prevent this exercise of discretion." The rule allows the court considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties. [*Kokx v Bylenga*, 241 Mich App 655, 658-659; 617 NW2d 368 (2000) (citations omitted, alterations in original).]

We have also held that the palpable error provision in MCR 2.119(F)(3) is not mandatory, but "provides guidance to a court about when it may be appropriate to consider a motion for rehearing or reconsideration." *People v Walters*, 266 Mich App 341, 350; 700 NW2d 424 (2005).

"In Michigan, child protective proceedings comprise two phases: the adjudicative phase and the dispositional phase." *In re Sanders*, 495 Mich 394, 404; 852 NW2d 524 (2014). The adjudicative phase determines whether the trial court can exercise jurisdiction over the children. *Id*. This process begins "when a petition is filed in the trial court that contains facts constituting an offense against a child under MCL 712A.2(b) of the juvenile code, MCL 712A.1 *et seq*." *In re Long*, 326 Mich App 455, 459; 927 NW2d 724 (2018). After a petition has been filed, "the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations [in the petition] are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b)." *In re Ferranti*, 504 Mich at 15. If the court authorizes the petition, the respondent-parent can demand a trial to contest its merits. *Sanders*, 495 Mich at 405. Following a trial, the court may exercise jurisdiction if the DHHS proves "by a preponderance of the evidence one or more of the statutory grounds for jurisdiction alleged in the petition." *Id*.

The DHHS requested that the court assume jurisdiction over DAR under MCL 712A.2(b)(1) and (2), which provide that a court has jurisdiction over a child:

(1) Whose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship. . . .

-4-

(2) Whose home or environment, by reason of neglect, cruelty, drunkenness, criminality, or depravity on the part of a parent, guardian, nonparent adult, or other custodian, is an unfit place for the juvenile to live in.

The DHHS asserts that the trial court erred by granting respondent-father's motion for reconsideration because respondent-father did not establish a palpable error by which the court and the parties were misled. The DHHS also accuses respondent-father of presenting the same issue in his reconsideration motion that the court addressed at trial.

Contrary to the DHHS's argument, respondent-father's motion did not merely request that the court reconsider the same issue already decided at trial. Rather, the record suggests that the trial court did not review certain pieces of respondent-father's evidence before issuing its adjudicative decision. In respondent-father's motion for reconsideration, he highlighted two exhibits introduced at trial: (1) a 2015 report written by the guardian ad litem (GAL) in the separate child custody case, and (2) a 2015 court order entered in that case. In the 2015 report, the GAL concluded SA had a history of coaching DAR to make negative statements about respondent-father. The GAL also recommended that the court preclude both parents from making any police or CPS reports regarding DAR without addressing the issue first with the GAL. In the 2015 order, the court followed the GAL's recommendation. Respondent-father argued that these documents, along with the other admitted evidence at trial, demonstrated that there was a lack of evidence that he sexually abused DAR.

At trial, respondent-father did not call any witnesses, but moved to admit these documents at the close of proofs. The court admitted the exhibits and the parties proceeded to closing arguments. In respondent-father's closing, he referenced these documents. The court then issued its oral ruling finding that DAR came within its jurisdiction. However, there was no indication that the court reviewed the 2015 GAL report or the related court order before issuing its decision. Indeed, it is unclear how such a review would have been possible considering how rapidly the matter moved from entry of the exhibits to closing arguments to the rendering of a decision, given the length of the documents and the fact that the court did not recess before issuing its decision. Accordingly, the record supports the conclusion that, rather than presenting the same issue for reconsideration, respondent-father was imploring the court to review *all* of the admitted evidence, including the evidence that was not previously considered. See MCR 3.992; MCR 2.119(F)(3). Furthermore, respondent-father was not required to demonstrate palpable error. See *Walters*, 266 Mich App at 350. The court was permitted, in its discretion, to give the jurisdictional issue a "second chance" and did not err by choosing to reevaluate its previous decision. See *Kokx*, 241 Mich App at 658-659 (quotation marks and citations omitted). Therefore, the trial court did not abuse its discretion when it agreed to entertain respondent-father's motion for reconsideration.

We conclude, however, that the trial court erred when it reissued its order of adjudication without making adequate findings of fact or articulating the basis for its decision to permit meaningful appellate review. In its second jurisdictional decision, the trial court did not explain why, after reconsidering the evidence, it determined that the evidentiary record did not warrant the assumption of jurisdiction. Beyond cursorily asserting that it found it "more likely than not that the father did not commit a sexual act" on DAR, and "that the physical abuse that father admitted to, does not rise to the level for this Court to be involved," the trial court failed to point to any specific evidence, nor make findings of fact or credibility determinations to reveal how it resolved

the jurisdictional issue. A trial court's findings need not be extensive. See *In re MJC*, ___ Mich App at ___, slip op at 10. Nonetheless, the trial court's conclusion, especially in light of its previous findings that there *was* a preponderance of evidence to support jurisdiction, provides little in terms of facilitating meaningful appellate review. This is all the more apparent given that we must review the trial court's decision for clear error considering *the court's findings of fact*. See *Kellogg,* 331 Mich App at 253. The court's analysis leaves a record inadequate for appellate review and remand is necessary to correct the trial court's omissions. Therefore, while retaining jurisdiction, we remand this matter to the trial court for appropriate findings of fact and an articulation of its jurisdictional analysis.

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.


/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett

# Court of Appeals, State of Michigan

## ORDER

IN RE D A ROSPORSKI

Docket No.    364869

LC No.    2019-001345-NA

Jane E. Markey
Presiding Judge

Stephen L. Borrello

Kristina Robinson Garrett
Judges

For the reasons stated in the opinion issued with this order, we REMAND this case for further proceedings. We retain jurisdiction. After the remand proceedings conclude, we will review the decisions that the trial court made during those proceedings and consider any remaining issues in this appeal. Any challenges to the trial court's decisions on remand must be raised in this appeal. Therefore, the parties and the trial court must not initiate a new appeal from an order entered on remand within the scope of this appeal. The Clerk of the Court is directed to reject the initiation of a new appeal from such an order.

Appellant must initiate the proceedings on remand within 21 days of the Clerk's certification of this order, and the trial court must prioritize this matter until the proceedings are concluded. As stated in the accompanying opinion, the trial court shall make detailed findings of fact regarding the disputed matters in this case, analyze the evidence, announce any credibility determinations related to its factual findings, and articulate a jurisdictional analysis amendable to appellate review. The proceedings on remand are limited to this issue.

The parties must serve copies of their filings in the trial court on this Court. Appellant must file with this Court copies of all orders entered on remand within seven days of entry.

Appellant must ensure the transcript of all proceedings on remand is filed in the trial court and this Court within 21 days after completion of the proceedings.

Appellant and appellee may file supplemental briefs addressing the issues raised on remand within 21 days after the date of entry of the trial court's order deciding the matter or the date the transcript is filed, whichever is later.

Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

October 14, 2024

Date

Chief Clerk