*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ELAINE DIANE WASHINGTON,

        Plaintiff-Appellant,

v

FARM BUREAU MUTUAL INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
March 18, 2025
10:38 AM

No. 367813
Wayne Circuit Court
LC No. 22-005173-NF

Before: YATES, P.J., and LETICA and N. P. HOOD, JJ.

PER CURIAM.

In this action to recover personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiff, Elaine Diane Washington, appeals by right the trial court's order granting reconsideration and summary disposition in favor of defendant, Farm Bureau Mutual Insurance Company (Farm Bureau), under MCR 2.119(F) and MCR 2.116(C)(10), respectively. On appeal, Washington argues that the trial court erred by sua sponte concluding as a matter of law that she knowingly made false statements material to her claim for PIP benefits, thereby rendering her ineligible for such benefits under MCL 500.3173a(4). We affirm.

## I. BACKGROUND

This case stems from Washington's involvement in a December 27, 2021 motor vehicle collision. On that date, Washington was a passenger in an uninsured motor vehicle struck in a broadside crash. According to a traffic crash report prepared by a Detroit Police Department officer, Washington did not report any injuries at the scene of the collision.

On January 26, 2022, Washington filed an application with the Michigan Automobile Insurance Placement Facility (MAIPF) for PIP benefits through the Michigan Assigned Claims Plan (MACP), which assigned her claim to Farm Bureau. In her application, Washington stated that she sustained injuries in the collision, which resulted in pain throughout her entire body, including her "eye, right side, back, neck[,] and left leg." Washington claimed that she did not have any preexisting medical conditions and had not previously incurred any of the injuries she

-1-

sustained in the collision. She also denied having applied for Social Security disability benefits at any time before or after the collision.

On May 2, 2022, Farm Bureau's counsel examined Washington under oath. During the examination, Washington stated that she injured her neck, back, legs, and knees during the collision. She also experienced dizziness and sustained bruising but declined medical treatment on the date of the collision because she did not wish to be treated at Detroit Receiving Hospital. Washington denied injuring either of her eyes in the collision but explained that she was blind in her right eye because she suffered a detached retina as a child and had a portion of her eye surgically removed in 2012. Washington also stated that she suffered from carpal tunnel syndrome, depression, and bipolar disorder and explained that she previously applied for and received Social Security benefits[1] in relation to those conditions. Washington further denied sustaining traumatic injuries at any point before the collision.

On May 3, 2022, Washington filed a single-count complaint against Farm Bureau in which she sought to recover unpaid PIP benefits under the no-fault act. On June 7, 2022, Farm Bureau answered the complaint and filed affirmative defenses. Farm Bureau contended that Washington's claim was barred under MCL 500.3173a because she knowingly made false statements material to her claim in her application for PIP benefits.

On November 16, 2022, Farm Bureau's counsel deposed Washington. During her deposition, Washington recounted an incident in 2012 in which she injured her left arm, bruised her back, and bruised the side of her torso after a panel of cement collapsed from under her, leaving her hanging by her left arm. Washington stated that she received medical treatment and experienced minor back pain after the incident but could not recall how long her pain persisted. Washington also testified that, at some point after the collision, she injured her right knee when she slipped and fell in her bathroom. Washington stated that her knee was swollen for roughly two weeks after she fell but did not specify whether she had any ongoing pain from the incident. Washington also stated that she began receiving Social Security disability benefits in relation to her depression and bipolar disorder in 2017. She did not know whether she received Social Security disability benefits in relation to her right-eye blindness or carpal tunnel syndrome.

On May 16, 2023, Washington amended her application for PIP benefits through the MACP. Washington made several modifications to her application, including that she applied for Social Security disability benefits beginning in 2015. Washington also attached a five-page summary of her medical history in support of her amended application. She explained that she had chronic pain in her back and neck, which stemmed from an unspecified fall that occurred in

---

[1] During her examination under oath, Washington stated that she received Supplemental Security Income. But during her deposition, Washington stated that she received Social Security disability benefits. While it is unclear from the record whether Washington received Supplemental Security Income as indicated during her under-oath examination, Washington's counsel reiterated that she received Social Security disability benefits in her response to Farm Bureau's summary disposition motion. Washington also stated in her amended application for PIP benefits that she applied for Social Security disability benefits in 2015.

2010. In 2012, she was diagnosed with multiple conditions, including cervical pain, chronic lumbar pain, degenerative joint disease, and carpal tunnel syndrome. At some point, she was also diagnosed with arthritis in her spine and the left side of her torso. Between 2012 and 2020, Washington repeatedly sought medical treatment for cervical and lumbar pain. And between 2017 and 2020, Washington repeatedly sought medical treatment for bilateral knee pain.

On May 31, 2023, Farm Bureau moved for summary disposition under MCR 2.116(C)(10). Farm Bureau argued that Washington was ineligible for PIP benefits under MCL 500.3173a(4) because she knowingly made false statements material to her claim for such benefits. It argued that Washington knowingly made false statements regarding her pre-collision medical conditions, her applications for and receipt of Social Security disability benefits, and her post-collision physical limitations. In support of its assertions, Farm Bureau contrasted the representations in Washington's initial application for PIP benefits with those made in her examination under oath, deposition, amended application for PIP benefits, and summary of her medical history. Farm Bureau also proffered a photograph of Washington bending at the waist and picking up a small dog despite her prior assertion that she was unable to perform household tasks such as taking out the garbage, preparing meals, and making beds.

On June 14, 2023, Washington filed a response in opposition to Farm Bureau's summary disposition motion. Washington acknowledged that she omitted some immaterial facts from her initial application for PIP benefits but argued that she remedied the omissions by amending her application for PIP benefits. She asserted that she did not commit a fraudulent insurance act as defined in MCL 500.4503 because she did not intend to defraud the MACP or Farm Bureau. She explained that any reasonable person would have difficulty recalling the extent of her medical history, and such circumstances established a genuine issue of material fact regarding her intent to defraud the MACP or Farm Bureau.

On July 3, 2023, the trial court denied Farm Bureau's summary disposition motion following a hearing. It explained its reasoning on the record as follows:

> Your motion for summary disposition, based on allegations of fraud and material misrepresentation is denied. I believe that it is . . . a credibility issue for the factfinder to decide, not this Court. You're free to raise these issues at trial, if it gets this far, whether or not . . . this is all phony, false, fraudulent, misrepresented material things. I think it's for the jury to decide, not the Court.

On July 24, 2023, Farm Bureau moved under MCR 2.119(F)(3) for reconsideration of the trial court's order denying summary disposition in its favor. It argued that the trial court palpably erred by denying its motion for summary disposition because Washington committed a fraudulent insurance act, and she failed to present any evidence in support of her argument that she did not intentionally make false statements material to her claim for PIP benefits.

On August 22, 2023, the trial court denied Farm Bureau's motion for reconsideration. It reasoned that Farm Bureau merely advanced the same arguments in its reconsideration motion as those advanced in its summary disposition motion, and Farm Bureau otherwise failed to demonstrate that the trial court was misled by palpable error. On August 30, 2023, the trial court

entered an amended order granting Farm Bureau's motion for reconsideration. It concluded that Washington committed a fraudulent insurance act and explained its reasoning, in part, as follows:

> In the instant matter, the Court having reviewed [Farm Bureau's] motion for reconsideration and having re-read the examination under oath testimony of [Washington], the Court is convinced that [Washington] indeed committed material misrepresentation[s] during her testimony.

> \* \* \*

> Here[,] [Washington] omitted multiple material pieces of information that were crucial to the application for benefits and in fact flat out made statements that are demonstrably false regarding the nature and scope of her prior injuries and her application for Social Security Disability benefits. [Washington] suffered catastrophic injuries when a side walk collapsed under her in 2012 leaving her both mentally and physically disabled[;] additionally[,] [Washington] sustained a series of other injuries that ultimately led her to seek [S]ocial [S]ecurity disability benefits which was ultimately granted in 2017. Additionally, [Washington] acknowledged during her examination under oath that her eye was surgically removed as a result of a preexisting injury in 2012. [Washington] also admitted during her 2022 deposition that she had injur[i]es to her back[,] legs[,] and arms during her 2012 fall. This sworn testimony is in direct contraction [sic] to the statements and attestation in her application for no[-]fault benefits to the MAIPF wherein she denied any previous injuries to the same body parts. Accordingly, this Court now finds that [Washington] omitted multiple material pieces of information that were crucial to the application for benefits and in fact flat out made statements that are demonstrably false regarding the nature and scope of her prior injuries and her application for Social Security Disability benefits. Furthermore[,] the Court further finds that in previously denying [Farm Bureau's] motion for [s]ummary disposition[,] it committed palpable error that must be corrected.

On September 5, 2023, the trial court entered an order granting summary disposition in favor of Farm Bureau under MCR 2.116(C)(10). This appeal followed.

## II. STANDARDS OF REVIEW

We review for an abuse of discretion a trial court's ruling on a motion for reconsideration. *Auto-Owners Ins Co v Compass Healthcare PLC*, 326 Mich App 595, 607; 928 NW2d 726 (2018). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Id*.

Whether a party has been afforded due process is a question of law that we review de novo. *Souden v Souden*, 303 Mich App 406, 412-413; 844 NW2d 151 (2013). We likewise review de novo a trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. When considering a motion under MCR 2.116(C)(10), the trial court must "consider all evidence submitted by the parties in the light

-4-

most favorable to the party opposing the motion." *Id*. The trial court may only grant the motion if there is "no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted). If the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *Innovation Ventures v Liquid Mfg*, 499 Mich 491, 507; 885 NW2d 861 (2016).

### III. LAW AND ANALYSIS

On appeal, Washington argues that the trial court erred by sua sponte concluding as a matter of law that she knowingly made false statements material to her claim for PIP benefits, thereby rendering her ineligible for such benefits under MCL 500.3173a(4). We disagree.

### A. PROCEDURAL DUE PROCESS

At the threshold, Washington contends that the trial court deprived her of procedural due process by sua sponte entering an amended order granting Farm Bureau's motion for reconsideration after denying the motion in the first instance. We disagree.

"Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). "The basic requirements of due process in a civil case include notice of the proceeding and a meaningful opportunity to be heard." *Id*.

MCR 2.119(F)(3) governs motions for reconsideration and provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

Trial courts have "considerable discretion in granting reconsideration to correct mistakes, to preserve judicial economy, and to minimize costs to the parties." *Sanders v McLaren-Macomb*, 323 Mich App 254, 264-265; 916 NW2d 305 (2018) (quotation marks and citation omitted). Indeed, this Court has stated that "if a trial court wants to give a 'second chance' to a motion it has previously denied, it has every right to do so, and . . . MCR 2.119(F)(3) does nothing to prevent this exercise of discretion." *Kokx v Bylenga*, 241 Mich App 655, 659; 617 NW2d 368 (2000) (quotation marks, citation, and brackets omitted).

Here, the trial court sua sponte entered an amended order granting Farm Bureau's motion for reconsideration after denying the motion in the first instance. Its decision to do so fell within its considerable discretion to grant reconsideration, see *Sanders*, 323 Mich App at 264-265, and it was otherwise free to revisit Farm Bureau's reconsideration motion that it previously denied, see *Kokx*, 241 Mich App at 659. On these bases, and because Washington does not argue that she was deprived of notice or a meaningful opportunity to be heard in relation to Farm Bureau's summary

disposition motion, Washington has failed to establish that the trial court deprived her of procedural due process.

## B.  FRAUDULENT INSURANCE ACT

Washington contends that the trial court erred by concluding as a matter of law that she knowingly made false statements material to her claim for PIP benefits, thereby rendering her ineligible for such benefits under MCL 500.3173a(4).  We again disagree.

"When an individual cannot obtain no-fault insurance coverage after an accident through ordinary means, the MAIPF fills in the gaps." *Williamson v AAA of Mich*, 513 Mich 264, 271; 15 NW3d 546 (2024).  "The no-fault act directs the MAIPF to 'adopt and maintain an assigned claims plan.' " *Id*., quoting MCL 500.3171(2).  "The Legislature thus established the MACP to provide an injured person with coverage when there is no other applicable insurer." *Williamson*, 513 Mich at 271, citing MCL 500.3172(1).

MCL 500.3173a(4) addresses fraud with respect to claims submitted to the MAIPF.  This provision provides:

> A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan automobile insurance placement facility, or to an insurer to which the claim is assigned under the assigned claims plan, for payment or another benefit knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511].  A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment of personal protection insurance benefits under the assigned claims plan.  [MCL 500.3173a(4).]

In *Candler v Farm Bureau Mut Ins Co of Mich*, 321 Mich App 772, 779-780; 910 NW2d 666 (2017), we held that a person commits a fraudulent insurance act under MCL 500.3173a when:

> (1) the person presents or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, and (3) the claim for benefits was submitted to the MAIPF.  Further, (4) the person must have known that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim.

In *Brakeman v Citizens Ins Co of the Midwest*, 344 Mich App 66; 998 NW2d 743 (2022), we clarified that the only scienter requirement to establish a fraudulent insurance act is "mere knowledge that the statement contains false information concerning a fact or thing material to the

claim." *Id*. at 74 (quotation marks and citation omitted).[2]  And in *Fashho v Liberty Mut Ins Co*, 333 Mich App 612, 618; 963 NW2d 695 (2020), we explained that "[a] statement is material if it is reasonably relevant to the insurer's investigation of a claim." (quotation marks and citation omitted).

Here, the trial court did not err by concluding as a matter of law that Washington knowingly made false statements material to her claim for PIP benefits.  The record reflects that Washington misrepresented the nature and extent of her preexisting medical conditions and injuries.  In her original application for PIP benefits, Washington stated that she sustained injuries in the collision, resulting in pain throughout her entire body, including her eye, right side, back, neck, and left leg. Washington claimed that she did not have any preexisting medical conditions and had not previously incurred any of the injuries she sustained in the collision.  But she later disclosed that that she was blind in her right eye because she suffered a detached retina as a child and had a portion of her eye surgically removed in 2012.  She recounted an incident in 2012 in which she sustained injuries after a panel of cement collapsed from under her.  And she disclosed that she was diagnosed with or sought treatment for several conditions before the collision, including cervical pain, lumbar pain, degenerative joint disease, carpal tunnel syndrome, arthritis, and bilateral knee pain.  The record therefore reflects that Washington made false statements material to her claim for PIP benefits.[3]

Washington further contends that her cognitive abilities, depression, bipolar disorder, and right-eye blindness established a genuine issue of material fact as to whether she knew that statements within her original application for PIP benefits were false.  We disagree.  Washington failed to proffer evidence that she suffered from any form of cognitive impairment that impacted her memory or comprehension when she prepared her original application for PIP benefits.  She also demonstrated her ability to recall salient aspects of her medical history during her under-oath

---

[2] MCL 500.4503, which is part of the Insurance Code of 1956, MCL 500.100 *et seq*., provides that a "fraudulent insurance act includes, but is not limited to, acts or omissions committed by any person who knowingly, and with an intent to injure, defraud, or deceive" engages in certain defined conduct.  In *Gary v Farmers Ins Exch*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 361880); slip op at 6, Judge SHAPIRO authored a concurrence expressing his disagreement with our holding in *Brakeman* and reasoning that MCL 500.3173a(4) should be read in conjunction with MCL 500.4503, such that fraudulent insurance acts require proof of intent to injure, defraud, or deceive. *Gary*, ___ Mich App at ___; slip op at 7 (SHAPIRO, J., concurring).  Washington urges us to endorse the reasoning in Judge SHAPIRO'S concurrence and indicate disagreement with *Brakeman* in accordance with the conflict-resolution procedure set forth in MCR 7.215(J)(3).  We decline to do so.

[3] Washington suggests that any possible false statements made during discovery cannot render her ineligible for PIP benefits under MCL 500.3173a(4).  We disagree.  In *Williamson*, 513 Mich at 275, our Supreme Court held that "MCL 500.3173a(4), the statutory provision governing fraudulent insurance acts in the filing of a claim for no-fault benefits, applies to misrepresentations offered during discovery."  Regardless, discovery in this case largely revealed the falsity of statements within Washington's original application for PIP benefits rather than false testimony or misrepresentations within written discovery responses.

examination and deposition.  Additionally, although Washington presented evidence that she was blind in her right eye, she failed to present any evidence that she lacked the ability to read or otherwise misread the original application for PIP benefits when she prepared it.  The conditions identified by Washington, without more, are insufficient to establish a genuine issue of material fact as to whether she knew that statements within her original application for PIP benefits were false.

## IV.  CONCLUSION

The trial court did not deprive Washington of procedural due process by sua sponte entering an amended order granting Farm Bureau's motion for reconsideration after denying the motion in the first instance.  Nor did the trial court err by concluding as a matter of law that Washington knowingly made false statements material to her claim for PIP benefits, thereby rendering her ineligible for such benefits under MCL 500.3173a(4).  We therefore affirm.

/s/ Christopher P. Yates
/s/ Anica Letica
/s/ Noah P. Hood